■ ROBERT LANZA, Respondent, v JEROME M. COHEN, Individually and as General Partner at Plaza Madison Associates, et al., Appellants and Third-Party Plaintiffs-Appellants. REMCO MAINTENANCE CORPORATION, Third-Party Defendant-Appellant. [653 NYS2d 583] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about April 18, 1995, which, *inter alia*, denied defendants' motion for summary judgment and granted plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240 (1) and set the matter down for assessment of damages and severed the third-party action, unanimously affirmed, without costs.

The record establishes that defendants, as a matter of law, failed to "give proper protection" to plaintiff and that the violation of Labor Law § 240 (1) was the proximate cause of plaintiff's injuries. Plaintiff was directed to lower a scaffold several stories down to his foreman. The scaffold was not secured to anything other than plaintiff's body. As the motion court correctly found, plaintiff's "body became a counterweight to the scaffold and his body had to be used to keep the scaffold (and himself) from plummeting down onto his boss" or the ground below. In the course of using his body in this way and in an attempt to brace his fall, plaintiff's knee "popped" and he severed a ligament. The "risk" or "special hazard" of being pulled off the roof and being injured in the absence of "proper protection" is among the "risks related to elevation differentials" to which Labor Law § 240 (1) applies (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514).

The court did not improvidently exercise its discretion in severing the third-party action. Concur—Milonas, J. P., Rosenberger, Wallach and Nardelli, JJ.