■ HUMBERTO PARDO, Appellant, v BIALYSTOKER CENTER & BIKUR CHOLIM, INC., et al., Respondents. ARIS DEVELOPMENT CORP., Third-Party Plaintiff-Respondent, v ULTIMATE CONSTRUCTION CORP., Third-Party Defendant-Respondent. [764 NYS2d 409] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about September 12, 2002, and order, same court (Carol Edmead, J.), entered on or about February 27, 2003, which insofar as appealed from, denied plaintiff's motion for partial summary judgment on liability on his cause of action under Labor Law § 240 (1) and precluded plaintiff from asserting, at trial, Labor Law claims based on the alleged failure of defendants to secure the subject scaffold to the

workplace wall by the use of "tie-ins," unanimously modified, on the law, all provisions that plaintiff is barred from offering evidence that defendants violated the Labor Law by their alleged failure to employ tie-ins vacated, and otherwise affirmed, without costs.

Plaintiff should have been permitted to offer evidence respecting defendants' alleged failure to use tie-ins. A plaintiff under Labor Law § 240 (1) need only show " 'that his injuries were at least partially attributable to defendant[s'] failure to take statutorily mandated safety measures to protect him from risks arising from an elevation differential' " (see *Crimi v Neves Assoc.*, 306 AD2d 152, 153 [2003], quoting *Nunez v Bertelsman Prop.*, 304 AD2d 487, 488 [2003]). There may be more than one proximate cause of a workplace accident (see *Bjelicic v Lynned Realty Corp.*, 152 AD2d 151, 155 [1989], *appeal dismissed* 75 NY2d 947 [1990]). The owner and general contractor have a duty to provide plaintiff worker with "proper protection" from elevation-related hazards (see *Lanza v Cohen*, 236 AD2d 287 [1997], *lv dismissed* 90 NY2d 845 [1997]), and even if plaintiff could be deemed recalcitrant for having not used a harness, there would still be a jury question as to whether the failure to provide a properly secured scaffold was a proximate cause of the accident (cf. *Milewski v Caiola*, 236 AD2d 320 [1997]; *Aragon v 233 W. 21st St.*, 201 AD2d 353 [1994]).

The testimony of plaintiff's coworker is relevant, and may be offered by any party, provided that it is offered in admissible form. Even if it is found, however, that the co-worker was properly protected from the fall by his safety equipment, there is no basis for concluding as a matter of law that the same safety equipment would have ensured that plaintiff would fall exactly as the co-worker did, and that plaintiff would also sustain only minor injuries. There are too many variables to permit such a conclusion at this juncture. Moreover, a jury could find that plaintiff's failure, if any, to use safety equipment properly amounted to no more than contributory negligence, irrelevant in a section 240 (1) case (see *Hernandez v 151 Sullivan Tenant Corp.*, 307 AD2d 207 [2003]).

We decline to grant plaintiff's belated request to plead a violation of Industrial Code (12 NYCRR) § 23-5.8 (g), particularly since the record shows that plaintiff unequivocally waived his Labor Law § 241 (6) cause of action. Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Gonzalez, JJ.