■ HUMBERTO PARDO, Plaintiff, v BIALYSTOKER CENTER & BIKUR CHOLIM, INC., et al., Respondents. ARIS DEVELOPMENT

Corp., Third-Party Plaintiff-Respondent, v Ultimate Construction Corp., Third-Party Defendant-Appellant. [781 NYS2d 339]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about September 17, 2002, and order, same court (Carol R. Edmead, J.), entered on or about February 21, 2003, which, to the extent appealed from, as limited by the briefs, conditionally granted defendant and third-party plaintiff Aris Development Corp.'s motion for summary judgment for contractual indemnification against third-party defendant Ultimate Construction Corp., unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings.

Plaintiff Humberto Pardo was injured when in the course of performing stucco renovation work on the exterior of a building owned by defendant Bialystoker Center & Bikur Cholim, Inc. (Bialystoker), he fell from a scaffold. At the time of the accident, plaintiff was employed by defendant Ultimate, a subcontractor, which was hired by Aris Development Corp. (Aris), the general contractor on the project. Plaintiff testified at his deposition that during a drilling operation, the scaffold moved "a foot, foot and a half" from the building exterior, causing him and a coworker to fall into the space between the scaffold and building. Because the scaffold was only four to six feet off the ground, plaintiff was not wearing a safety belt that had been provided to him. According to the deposition testimony of Aris's president, the scaffold was provided by Aris, which also had the responsibility of checking to make sure the scaffold was properly secured.

The subcontract between Aris and Ultimate included an indemnification clause providing that Ultimate would defend and hold harmless Aris and Bialystoker against all claims "caused in whole or in part by any act or omission of [Ultimate], its agents, employees or representatives."

Plaintiff commenced the instant action alleging violations of Labor Law §§ 200, 240, 241 (1)-(6) and § 241-a. Thereafter, plaintiff moved for partial summary judgment on his section 240 (1) claim and Aris cross-moved for summary judgment dismissal of plaintiff's Labor Law §§ 200, 241 and 241-a claims. In addition, Aris cross-moved for summary judgment on its third-

party claim against Ultimate seeking contractual indemnification.

Insofar as relevant to this appeal,[1] in a September 17, 2002 order, the motion court granted Aris's cross motion for summary judgment for contractual indemnity against Ultimate "conditioned upon a future finding of negligence on the part of Ultimate." The court noted that "[n]o triable issue of active negligence on the part of Aris has been demonstrated," and that even though Aris supplied the scaffold, there was no claim that the scaffold itself was defective.

Plaintiff appealed that portion of the September 17, 2002 order denying his motion for partial summary judgment on the section 240 (1) claim, and an additional February 27, 2003 order by Justice Edmead which precluded him from asserting a Labor Law § 240 (1) claim based on the alleged failure of defendants to secure the scaffold by use of "tie-ins." This Court modified to the extent of vacating the preclusion order of Justice Edmead, and otherwise affirmed (*Pardo v Bialystoker Ctr. & Bikur Cholim, Inc.*, 308 AD2d 384 [2003]). In explaining the relevance of the "tie-ins" to the section 240 (1) claim, this Court noted that Aris had a duty to provide "proper protection" from elevation-related hazards, and that "even if plaintiff could be deemed recalcitrant for having not used a harness, there would still be a jury question as to whether the failure to provide a properly secured scaffold was a proximate cause of the accident" (*id.* at 385 [citations omitted]).

In February 2003, during the trial of plaintiff's surviving Labor Law § 240 (1) claim, Aris moved for reconsideration of that portion of the September 17, 2002 order granting its motion for contractual indemnification against Ultimate "conditioned upon a future finding of *negligence* on the part of Ultimate" (emphasis added). Aris argued that the contract required Ultimate to indemnify it not based on Ultimate's negligence, but rather for "any act or omission" of Ultimate. In a February 21, 2003 order, the trial court (Edmead, J.) agreed and modified the September 17, 2002 order to such extent.[2]

Ultimate appeals from both the September 17, 2002 order and the February 21, 2003 order to the extent that they granted

---

**1.** Not at issue on this appeal are the motion court's rulings denying plaintiff's motion for partial summary judgment on his section 240 (1) claim and granting Aris's cross motion for summary judgment dismissal of plaintiff's claims under Labor Law §§ 200, 241 (1)-(5) and § 241-a.

**2.** Aris sought and received permission of the Administrative Judge to seek reconsideration of a Supreme Court justice's order by another nisi prius judge.

Aris's cross motion for summary judgment for contractual indemnification against it. Ultimate argues that the evidence in the record raises a triable issue of fact as to Aris's active negligence in providing the scaffold and supervising its condition. Further, it maintains that a finding of a triable issue as to Aris's negligence is mandated under the law of the case doctrine based upon this Court's statement in the prior appeal that a "jury question [exists] as to whether the failure to provide a properly secured scaffold was a proximate cause of the accident" (*id.*).

We need not address Ultimate's law of the case argument, since we find that the record discloses triable issues of fact regarding Aris's negligence with respect to the scaffold. Aris's president testified that his company provided the scaffold upon which plaintiff was working. In addition, he testified that he would "check to see how [the scaffolds were] tied back to the building, if they were properly secured, if they had safety lines." He further stated that "I would check, you know, the general safety issues as it relates to the scaffold itself."

In light of this evidence, the motion court's finding that no triable issues exist as to Aris's negligence was error. Since Aris provided the scaffold in question and its president admitted responsibility for monitoring its condition and for scaffold "safety issues," a triable issue of fact exists as to whether Aris's negligence with respect to the scaffold contributed to plaintiff's accident (*see Keohane v Littlepark House Corp.*, 290 AD2d 382, 382-383 [2002]; *Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 64 [1999]).

Our conclusion that a question of fact exists regarding Aris's negligence mandates the denial of its summary judgment motion for contractual indemnification. The indemnification provision in the Aris-Ultimate agreement contemplates full, not partial, indemnification in that the indemnification obligation is imposed irrespective of Aris's own negligence (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 793-794 [1997]). Thus, pursuant to that agreement, Aris's negligence could have contributed to plaintiff's injury and it still would be entitled to indemnification. The law is clear that such an agreement calling for full indemnification is void and unenforceable under General Obligations Law § 5-322.1 where the indemnitee is found to be at least partially negligent (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]; *Cavanaugh v 4518 Assoc.*, 9 AD3d 14, 18-19 [2004]).

Although in *Itri* and *Cavanaugh* there were actual findings of negligence on the part of the indemnitee, in the situation pres-

ent here where the indemnitee's negligence remains unresolved, summary judgment in favor of the indemnitee on a claim for contractual indemnification is inappropriate (*see Crespo v Triad, Inc.*, 294 AD2d 145, 147 [2002]; *Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65 [1999]). Concur—Nardelli, J.P., Lerner, Friedman and Gonzalez, JJ.