■ VINCENT NAPOLI, Respondent, v MYRA PETERS WRIGHT et al., Defendants, and TRIBOROUGH BRIDGE & TUNNEL AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. GRACE INDUSTRIES, INC./EL SOL, Third-Party Defendant-Respondent. [803 NYS2d 632]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, Triborough Bridge & Tunnel Authority, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated November 17, 2003, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its third-party cause of action for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Triborough Bridge & Tunnel Authority (hereinafter the TBTA) contracted with Grace Industries, Inc./El Sol (hereinafter Grace) to perform paving work on the Throgs Neck Bridge. While working on the Throgs Neck Bridge, the plaintiff, an employee of Grace, was injured when the attenuator truck he was driving was struck by another vehicle.

The Supreme Court properly denied that branch of the TBTA's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The TBTA failed to meet its initial burden of establishing that it did not exercise supervisory control over the work site and that it neither created nor had actual or constructive notice of the allegedly dangerous condition there (*see Shipkoski v Watch Case Factory Assoc.,* 292 AD2d 589 [2002]). Because the TBTA failed to establish its own lack of negligence as a matter of law, the court also properly denied that branch of its motion which was for summary judgment on its third-party cause of action for contractual indemnification against Grace (*see Pardo v Bialystoker Ctr. & Bikur Cholim, Inc.,* 10 AD3d 298, 301 [2004]).

The TBTA's remaining contentions are without merit. Adams, J.P, Mastro, Lifson and Lunn, JJ., concur.