[917 NYS2d 130]

Jimmy Auriemma et al., Respondents, v Biltmore Theatre, LLC, et al., Appellants. Sweet Construction Corp. et al., Third-Party Plaintiffs-Respondents-Appellants, v Mass Electric Construction Company, Third-Party Defendant-Respondent/Appellant-Respondent, St. Paul Fire and Marine Insurance Company, Third-Party Defendant-Appellant-Respondent, and John Civetta & Sons, Inc., et al., Third-Party Defendants-Appellants-Respondents/Respondents. Sweet Construction of Long Island, LLC, et al., Second Third-Party Plaintiffs-Respondents-Appellants, v Mass Electric Construction Company, Second Third-Party Defendant-Respondent/Appellant-Respondent, St. Paul Fire and Marine Insurance Company, Second Third-Party Defendant-Appellant-Respondent, and John Civetta & Sons, Inc., et al., Second Third-Party Defendants-Appellants-Respondents/Respondents, et al., Second Third-Party Defendant.

First Department, January 27, 2011

4

**APPEARANCES OF COUNSEL**

*Nicoletti Gonson Spinner & Owen LLP*, New York City (*Laura M. Mattera* of counsel), for John Civetta & Sons, Inc., and another, appellants-respondents/respondents.

*Devereaux Baumgarten*, New York City (*Michael J. Devereaux* of counsel), for respondents-appellants.

*London Fischer LLP*, New York City (*Brian A. Kalman* and *Anthony F. Tagliagambe* of counsel), for Mass Electric Construction Company, respondent/respondent-appellant.

*Lazare Potter & Giacovas LLP*, New York City (*Jeremy M. Sokop* and *Andrew Premisler* of counsel), for St. Paul Fire and Marine Insurance Company, appellant-respondent.

*Alexander J. Wulwick*, New York City, for Auriemma respondents.

**OPINION OF THE COURT**

CATTERSON, J.

In this personal injury action, the plaintiff asserts that a four-foot-deep open pit at his work site was an elevation-related hazard for which the defendants failed to provide a safety device as required by Labor Law § 240 (1). Because the defendants have not raised an issue of fact with regard to a violation of the statute or whether the plaintiff was the sole proximate cause of his own injuries, partial summary judgment is granted in favor of the plaintiff.

Jimmy Auriemma, the plaintiff in this case, is an electrician who was employed by Mass Electric Construction Company (hereinafter referred to as Mass), a subcontractor of Sweet Construction of Long Island, LLC (together with Sweet Construction Corp. collectively hereinafter referred to as Sweet of LI), for electrical work in connection with a renovation of the Biltmore Theater. His responsibilities included the installation of conduit pipes for electrical lines throughout the building. John Civetta & Sons, Inc. (hereinafter referred to as Civetta) was hired by Sweet of LI for masonry and excavation work on the project.

Under their respective purchase order agreements, Mass and Civetta agreed to defend actions brought against the owner/net lessee, Manhattan Theater Club, Inc. (hereinafter referred to as Manhattan), and the purchaser/general contractor, Sweet of LI. Both subcontractors were also required to obtain insurance policies naming the owner Biltmore Theatre, LLC (hereinafter referred to as Biltmore) and Sweet of LI as additional insureds. The agreements also included indemnification clauses.

Civetta's policy, issued by Diamond State Insurance Company, covers additional insureds with respect to liability arising out of

Civetta's acts or omissions. Mass's policy, issued by St. Paul Fire and Marine Insurance Company, covers additional insureds for injury resulting from Mass's work or the insureds' general supervision of Mass's work. It does not cover bodily injury resulting from any act or failure to act of an additional insured, other than general supervision of Mass's work. The policy also states that it is excess over the insureds' primary or other available insurance.

The plaintiff was on the site for about a month before he was injured in the accident at issue. On the morning of October 1, 2002, the plaintiff's foreman directed him to go downstairs to the mechanical room to unlock tools and set up equipment for the day. The plaintiff testified that the staircase he would normally have used was blocked with debris and/or materials and the only route to the mechanical room was to go down into an excavated pit about four to six feet deep and climb out the other side. There was no way around the pit, and the only ladder he saw was at the bottom resting against the opposite wall.

In order to get into the pit, the plaintiff used a 10-foot-long wooden plank that had been placed with one edge at the top and the other at the bottom of the pit. He tested the plank by pushing down with one foot, and then, since it appeared stable, he started down. The plank, which was resting on dirt, shifted and he fell to the bottom of the pit, suffering injuries to his neck, back, and right shoulder.

The plaintiff's personal injury actions brought in September 2003 and October 2004 against Biltmore, Biltmore Tower, LLC, Biltmore 47 Associates, LLC,[1] Manhattan, and Sweet of LI alleged that defendants were negligent and, inter alia, violated Labor Law §§ 200, 240 (1) and § 241 (6) and regulations promulgated thereunder.

In July 2004, Sweet of LI and its insurer, Liberty International Underwriters (hereinafter referred to as Liberty), brought a third-party action against Mass, St. Paul, Civetta, and Diamond. Approximately a year later, Sweet of LI and Liberty brought a second third-party action against Mass, St. Paul, Civetta, Diamond, and United National Group.[2]

After the parties answered, Civetta and Diamond moved for summary judgment dismissing the third-party actions against

---

**1.** Biltmore 47 Associates was dismissed from this action pursuant to order dated April 10, 2006.

**2.** The second third-party complaint against United National Group was dismissed in an order entered April 25, 2008.

them, which was opposed by Biltmore, Sweet of LI, Liberty, Manhattan, and Mass. Biltmore, Sweet of LI, Liberty, and Manhattan cross-moved for an order declaring, inter alia, that Civetta and Diamond had to defend and indemnify Sweet of LI.

On April 25, 2008, the motion court denied Civetta's motion for summary judgment dismissing the third-party action, on the grounds that there was a triable issue of fact with regard to Civetta's alleged negligence in placing the plank in the pit. The court also denied Biltmore, Sweet of LI, Liberty, and Manhattan's cross motion for summary judgment, requesting a declaration that Civetta and Diamond were required to provide defense and contractual indemnification to Sweet of LI, as premature since there were outstanding issues of fact regarding Sweet of LI's negligence.

Biltmore, Manhattan, and Sweet of LI also moved for a declaration that, inter alia, Mass and St. Paul had to defend and indemnify them and reimburse them for attorneys' fees and costs. In opposition, Mass argued that the indemnification clause was unenforceable pursuant to General Obligations Law § 5-322.1, and that overall site safety was Sweet of LI's responsibility. St. Paul also opposed, arguing that its insurance was excess, that Biltmore and Manhattan were not entitled to seek summary judgment on unpleaded claims, and in any event, the motion was premature since Sweet of LI's liability had not yet been determined. In its order entered April 2, 2009, the court agreed, denying the motion.

Mass moved for summary judgment dismissing the third-party claims against it on the grounds that section 240 (1) did not apply and the plaintiff was the sole proximate cause of his own injuries, and that Mass was not negligent. On similar grounds, Sweet of LI, Biltmore, and Manhattan moved for summary judgment to dismiss the plaintiff's claims and all cross claims against them, and as to the Labor Law § 200 and negligence claims, that they did not control his work performance. In its order entered April 2, 2009, the court denied these motions, citing issues of fact.

St. Paul moved for summary judgment dismissing the first third-party action, on the grounds that it provides only excess insurance coverage with respect to Sweet of LI, and severing noninsurance claims from insurance coverage claims. The court granted St. Paul's motion to dismiss the first third-party action and to sever noninsurance issues, but in its order entered April 2, 2009, denied St. Paul's motion for a declaration that its cover-

age was excess, reasoning that there must first be a finding of negligence and primary coverage by Diamond.

Third-party defendants Civetta and Diamond appeal the denial of their motion for summary judgment dismissing the third-party actions against them. Defendants Biltmore, Manhattan, Sweet of LI, and Liberty cross-appeal the denial of their cross motions for summary judgment declaring that Civetta and Diamond are obligated to defend and indemnify Sweet of LI.

Defendants Biltmore, Manhattan, Sweet of LI and Liberty appeal the denial of their motions for summary judgment declaring that Mass and St. Paul are obligated to defend and indemnify them, and requesting dismissal of plaintiff's claims against them. Mass appeals the denial of its motion for summary judgment dismissing the third-party claims against it, and St. Paul appeals the denial of its motion for summary judgment seeking a declaration that the policy it issued is excess to any other coverage of Sweet of LI.

### I. Labor Law § 240 (1)

On appeal, Biltmore, Manhattan, Sweet of LI, Liberty, and Mass assert that the plaintiff's Labor Law § 240 (1) claim should be dismissed on the grounds that there is no recovery under section 240 (1) when a plank is used as stairs or a passageway. Alternatively, they argue that even if section 240 (1) is applicable, they are not liable because the plaintiff is the sole proximate cause of his own injury.

Although he did not dispute the motion court's earlier determination that issues of fact preclude summary disposition of his section 240 (1) claim, on appeal the plaintiff requests partial summary judgment on the grounds that defendants have not raised an issue of fact with regard to a section 240 (1) violation. For the reasons set forth below, we find in favor of the plaintiff.

It is well established that contractors and owners have a statutory duty to provide adequate safety devices for their workers. The failure to provide a safety device is a per se violation of the statute for which an owner/contractor is strictly liable. (*See Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523-524 [1985]; *Cherry v Time Warner, Inc.*, 66 AD3d 233 [1st Dept 2009].) Moreover, the public policy protecting workers requires that the statute be liberally construed. (*Cherry*, 66 AD3d at 235-236.)

The defendants assert that because the plank was used as the equivalent of stairs or a passageway, as opposed to one of the

safety devices enumerated in the statute, the plaintiff's claim is not within the purview of section 240 (1). (*See Paul v Ryan Homes*, 5 AD3d 58, 61 [4th Dept 2004] [recovery under section 240 (1) was not available where the plank served as a passageway and not a tool used in the performance of plaintiff's work].) This argument is unpersuasive. The plaintiff may recover under section 240 (1) if he was engaged in an activity covered by the statute and exposed to an elevation-related hazard for which no safety device was provided or the device provided was inadequate. (*Jones v 414 Equities LLC*, 57 AD3d 65, 69 [1st Dept 2008].)

There is no bright-line minimum height differential that determines whether an elevation hazard exists. (*Thompson v St. Charles Condominiums*, 303 AD2d 152, 154 [1st Dept 2003], *lv dismissed* 100 NY2d 556 [2003]; *see e.g. Arrasti v HRH Constr. LLC*, 60 AD3d 582, 583 [1st Dept 2009] [finding that 18 inches was sufficient to create an elevation hazard]; *Lelek v Verizon N.Y., Inc.*, 54 AD3d 583, 584 [1st Dept 2008] [noting that defendants were not relieved of liability under Labor Law § 240 (1) despite that the plaintiff's fall was only 2½ to 3 feet].) Rather, the relevant inquiry is whether the hazard is one "directly flowing from the application of the force of gravity to an object or person." (*Prekulaj v Terano Realty*, 235 AD2d 201, 202 [1st Dept 1997], citing *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993].)

■ Here, the plaintiff was injured while descending approximately four to six feet from one elevation at the top of the pit to another elevation at the bottom in order to retrieve his equipment as directed by his foreman. The possibility of injury from a fall from that height constituted exposure to an elevation-related risk. (*See Carpio v Tishman Constr. Corp. of N.Y.*, 240 AD2d 234, 235 [1st Dept 1997] [noting that common sense dictates that a fall is gravity related when the risk exists due to a difference in elevation]; *see also e.g. Salazar v Novalex Contr. Corp.*, 72 AD3d 418, 421 [1st Dept 2010] [finding that the four-foot drop from a basement floor to the bottom of a trench constituted a gravity-related hazard].) Whether the plank served as a functional substitute for a staircase or passageway, as opposed to a safety device, is irrelevant since the defendants had a statutory duty to provide a safety device adequate to protect the plaintiff from an elevation-related hazard, and failed to do so.

■ Furthermore, the plaintiff established a prima facie case that defendants violated Labor Law § 240 (1). To prevail on a

motion for partial summary judgment on his cause of action under section 240 (1), the plaintiff must show both that the statute was violated and that the violation was a proximate cause of his injuries. (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003].)

The plaintiff testified that the only access to his equipment was through the pit because the stairs he normally used were blocked. His foreman testified that blocked stairways were a constant, "hourly" problem, and could not confirm whether any staircase was unblocked at the time of the accident. The plaintiff further testified, and defendants do not dispute, that there was no ladder available in the immediate vicinity of the pit. Since it is uncontroverted that the plaintiff's injuries were sustained in his fall from an unstable wooden plank while attempting to get to the bottom of the pit, he has satisfied the burden of showing that the defendants' failure to provide him with an adequate safety device was the proximate cause of his injuries.

In opposition, the defendants assert that the plaintiff's own negligence was the sole proximate cause of his injury. However, to defeat the plaintiff's motion for partial summary judgment, the defendants must raise an issue of fact as to whether the plaintiff "had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured." (*Cahill*, 4 NY3d at 40; *see Gallagher v New York Post*, 14 NY3d 83, 88 [2010].) Even viewed in the light most favorable to the defendants, there is no evidence in the record that the plaintiff had a safety device available, knew that he was expected to use it, and unreasonably chose not to do so.

The burden of providing a safety device is squarely on contractors and owners and their agents. (*Cherry*, 66 AD3d at 235, citing *Zimmer*, 65 NY2d at 520). Section 240 (1) of the Labor Law has unequivocally placed the duty on " '[a]ll contractors and owners' " to " 'furnish or erect or cause to be furnished or erected,' safety devices which 'shall be so constructed, placed and operated as to give proper protection.' " (*See Cherry*, 66 AD3d at 235-236.)

Thus, a worker is expected, as a " 'normal and logical response,' " to obtain a safety device himself (rather than having one provided to him) only when he knows exactly where a safety device is located, and there is a practice of obtaining the safety

device himself because it is easily done. (*Cherry*, 66 AD3d at 238, quoting *Robinson v East Med. Ctr., LP,* 6 NY3d 550, 554 [2006].) The general availability of safety equipment at a work site does not relieve the defendants of liability. (*Cherry*, 66 AD3d at 236 [" '(t)he mere presence of ladders or safety belts *somewhere* at the worksite does not establish "proper protection" ' "], quoting *Zimmer*, 65 NY2d at 524; *see also Garcia v 1122 E. 180th St. Corp.,* 250 AD2d 550, 551-552 [1st Dept 1998]; *McLean v Vahue & Son Bldrs.,* 210 AD2d 999 [4th Dept 1994].)

The plaintiff testified that the only ladder in the area was inaccessible because it was located at the bottom of the pit propped against the opposite wall to facilitate exit from the pit on that side. Although the foreman testified that ladders were generally available at the construction site, he observed that no ladder was available in the vicinity of the pit when he arrived at the scene shortly after the accident. The defendants have not asserted, nor is there any evidence in the record, that the plaintiff either knew where a ladder was located or that it was his habit to get one for himself.

Moreover, a standing order to use safety devices does not raise a question of fact that the plaintiff knew that safety devices were available and unreasonably chose not to use them. (*Gallagher*, 14 NY3d at 88-89.) Similarly, the announcement made to Mass workers at the weekly safety meeting directing them to use ladders or stairs does not raise a question of fact as to whether the plaintiff knew that a safety device was available, that he was expected to use it, and unreasonably chose not to do so.

Even if we accept the defendants' assertion that the plaintiff was told to use only ladders or stairs and not planks, his decision to use a plank can only be considered unreasonable if ladders or stairs were in fact readily available. (*See e.g. Rivera v Ambassador Fuel & Oil Burner Corp.,* 45 AD3d 275, 276 [1st Dept 2007] ["(a) worker does not become recalcitrant merely by disobeying a general instruction not to use certain equipment, if safer alternatives are not supplied"], citing *Stolt v General Foods Corp.,* 81 NY2d 918, 920 [1993] and *Balthazar v Full Circle Constr. Corp.,* 268 AD2d 96, 99 [1st Dept 2000].) Here, the defendants have not established that the plaintiff had a choice much less that he explicitly refused to use an available safety device and unreasonably opted to use the wooden plank.

Because the defendants have not raised any issue of fact with regard to a violation of section 240 (1) or as to whether the

plaintiff was the sole proximate cause of his own injury, partial summary judgment is granted to the plaintiff. Furthermore, having prevailed on his section 240 (1) claim, we need not address plaintiff's Labor Law § 200 or negligence claims. The plaintiff's damages are the same under any of the theories of liability and he can only recover once, rendering such a discussion academic. (*See Torino v KLM Constr.*, 257 AD2d 541, 542 [1st Dept 1999].)

## II. Defense and Indemnification

■ Biltmore, Manhattan, Sweet of LI, and Liberty argue on appeal that Mass, St. Paul, Civetta, and Diamond are obligated to provide Sweet of LI with a defense and indemnification. As a threshold matter, finding in favor of the plaintiff on his section 240 (1) claim does not constitute a finding of negligence on the part of the defendant general contractor for purposes of barring indemnification. (*Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990] [finding that liability for a violation of section 240 (1) "is not the equivalent of negligence and does not give rise to an inference of negligence"].)

■ Mass's contention that the indemnification provisions of the contracts signed by Civetta and Mass are unenforceable pursuant to General Obligations Law § 5-322.1 is unavailing. Where, as here, the provision provides for full indemnification, General Obligations Law § 5-322.1's proscription of indemnification is only applicable if the indemnitee is found negligent to any extent. (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]; *Pardo v Bialystoker Ctr. & Bikur Cholim, Inc.*, 10 AD3d 298, 301 [1st Dept 2004]; *see also Brown*, 76 NY2d at 179 [where the general contractor was not found to be negligent after a full trial, General Obligations Law § 5-322.1 did not bar indemnification even though the contractor was strictly liable under section 240 (1)].)

Moreover, where the contractor's negligence has not been litigated and a triable issue of fact is raised, the contractor's request for summary judgment for contractual indemnification must be denied. (*Pardo*, 10 AD3d at 301.) Because the record raises questions of fact as to Mass, Civetta, and Sweet of LI's negligence, the enforceability of the contractual indemnification provision cannot be decided at this time; therefore, the motions of Mass, Biltmore, Manhattan, and Sweet of LI requesting a declaration as to the duties of Civetta, Mass, Diamond, and St. Paul to indemnify Sweet of LI were appropriately denied.

■ An insurer's duty to defend, on the other hand, is broader than its duty to indemnify and arises "whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006], quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648 [1993]) or where "the insurer 'has actual knowledge of facts establishing a reasonable possibility of coverage' " (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997], quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 67 [1991]). Thus, the duty to provide a defense may arise before indemnification has been decided. (*See New Hampshire Ins. Co. v Jefferson Ins. Co. of N.Y.*, 213 AD2d 325, 326-327 [1st Dept 1995] [noting that the contractual obligation to defend is triggered by facts alleged in the complaint and liability for indemnification is based on negligence].)

The agreements executed by Civetta and Mass require them to defend "any and all legal actions" brought against Sweet of LI in connection with the purchase order agreements. The Diamond policy covers additional insureds for liability arising out of Civetta's alleged acts or omissions. The policy further states that it is primary with an exception not relevant here. Although the first-party complaints contain no allegations against Civetta, they refer to excavation. By the time Diamond moved for summary judgment dismissing the third-party complaints on the ground that it had no duty to defend, it had actual knowledge that Civetta was responsible for excavation. Moreover, the contract between Civetta and Sweet of LI and deposition testimony describing Civetta's responsibilities at the site provided Diamond with knowledge of facts establishing a reasonable possibility of coverage. (*See e.g. Staten Is. Molesi Social Club, Inc. v Nautilus Ins. Co.*, 39 AD3d 843, 844 [2d Dept 2007].)

Mass, whose policy covers additional insureds for injury resulting from Mass's work for them or "their general supervision of that work," also has a duty to defend because it had actual notice of the possibility of coverage from Sweet of LI's answers to the complaints alleging Mass's culpability, and its deposition testimony. Although the motion court declined to rule on the status of St. Paul's coverage, the record indicates that St. Paul's coverage is excess. The St. Paul policy covers additional insureds for injury in "excess over any other valid and collectible insurance available to the additional [insured], whether primary, excess contingent, or on any other basis."

Therefore, the motions of Biltmore, Manhattan, Sweet of LI and Liberty should be granted to the extent of declaring that

Diamond must defend Sweet of LI up to the limits of its coverage or until the disputed facts are resolved at trial. (*See e.g. Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa.*, 65 AD3d 12, 13 [1st Dept 2009]; *Staten Is. Molesi Social Club*, 39 AD3d at 844-845; *Graphic Arts Mut. Ins. Co. v Abrams*, 1 AD3d 890, 891 [4th Dept 2003].)

An insurance carrier that provides excess coverage becomes obligated to defend the insured when the limit of the primary carrier's coverage has been reached. (*Sport Rock Intl., Inc.*, 65 AD3d at 13.) Therefore, if Diamond's coverage is exhausted before the disputed factual allegations are resolved at trial, then St. Paul has a duty to assume the defense of Sweet of LI. We have considered the parties' remaining arguments and find them unavailing.

Accordingly, the order of the Supreme Court, New York County (Debra A. James, J.), entered April 25, 2008, which, inter alia, denied the motion of third-party defendants and second third-party defendants John Civetta & Sons, Inc. and Diamond State Insurance Company for summary judgment dismissing the third-party actions as against them, and denied the motion of defendants, third-party plaintiffs and second third-party plaintiffs Biltmore Theatre, LLC, Biltmore Tower, LLC, Manhattan Theatre Club, Inc., Sweet Construction of Long Island, LLC, Sweet Construction Corp., and Liberty International Underwriters for summary judgment declaring that John Civetta & Sons, Inc. and Diamond State Insurance Company are obligated to defend and indemnify Sweet Construction of Long Island, LLC and Sweet Construction Corp., should be modified, on the law, to grant the motion of Biltmore Theatre, LLC, et al. to the extent of declaring that John Civetta & Sons, Inc. and Diamond State Insurance Company must defend Sweet Construction Corp. and Sweet Construction of Long Island, LLC up to the limits of coverage or until the disputed facts are resolved at trial, and otherwise affirmed, without costs. The order of the same court and Justice, entered April 2, 2009, which denied the motion of third-party defendant and second third-party defendant Mass Electric Construction Company for summary judgment dismissing the third-party action as against it, should be affirmed, without costs. The order of the same court and Justice, entered April 2, 2009, which denied the motion of Biltmore Theatre, LLC, Biltmore Tower, LLC, Manhattan Theatre Club, Inc., Sweet Construction of Long Island, LLC, Sweet Construction Corp., and Liberty International Underwriters for summary judgment dismissing the complaint, should be modi-

fied, on the law, to grant, upon a search of the record, the plaintiff summary judgment as to liability on his Labor Law § 240 (1) claim, and otherwise affirmed, without costs. The order of the same court and Justice, entered April 2, 2009, which denied the motion of Biltmore Theatre, LLC, Biltmore Tower, LLC, Manhattan Theatre Club, Inc., Sweet Construction of Long Island, LLC, Sweet Construction Corp., and Liberty International Underwriters for summary judgment declaring that Mass Electric Construction Company and third-party defendant and second third-party defendant St. Paul Fire and Marine Insurance Company owe them defense and indemnification, and denied St. Paul's motion for summary judgment seeking a declaration that the policy it issued is excess to any other coverage for Sweet Construction of Long Island, LLC, should be modified, on the law, to grant the motion of Biltmore et al. to the extent of declaring that the coverage provided by St. Paul is excess, and that Mass Electric Construction Company and St. Paul Fire and Marine Insurance Company must defend Sweet Construction of Long Island, LLC if Diamond State Insurance Company's coverage is exhausted and if the disputed facts have not yet been resolved, and otherwise affirmed, without costs.

ANDRIAS, J.P., DEGRASSE and MANZANET-DANIELS, JJ. concur.

Order, Supreme Court, New York County, entered April 25, 2008, modified, on the law, to grant the motion of Biltmore Theatre, LLC, et al., to the extent of declaring that John Civetta & Sons, Inc., and Diamond State Insurance Company must defend Sweet Construction Corp. and Sweet Construction of Long Island, LLC up to the limits of coverage or until the disputed facts are resolved at trial, and otherwise affirmed, without costs. Order, same court, entered April 2, 2009, affirmed, without costs. Order, same court, entered April 2, 2009, modified, on the law, to the extent of granting the plaintiff partial summary judgment on his Labor Law § 240 (1) claim, and otherwise affirmed, without costs. Order, same court, entered April 2, 2009, modified, on the law, to grant the motion of Biltmore et al., to the extent of declaring that the coverage provided by St. Paul is excess, and that Mass Electric Construction Company and St. Paul Fire and Marine Insurance Company must defend Sweet Construction of Long Island, LLC if Diamond State Insurance Company's coverage is exhausted and if the disputed facts have not yet been resolved, and otherwise affirmed, without costs.