█ MALACH HENNINGHAM, Respondent, v HIGHBRIDGE COMMUNITY HOUSING DEVELOPMENT FUND CORPORATION et al., Appellants. (And Third-Party Actions.) [938 NYS2d 1]—

Plaintiff and his coworkers were dropping construction debris,

such as broken cinder blocks, from the roof of a six- or seven-story building into a hard plastic chute in front of the building. When it became clear that the chute was clogged, plaintiff went down to the second floor, leaned slightly outside the window frame, and unclogged the chute by poking the debris. Shortly after telling his coworkers that the chute was clear, plaintiff was struck on the back of the head by a cinder block. He testified that he was facing the chute and still leaning forward slightly when he was struck.

Contrary to Highbridge's claim, Labor Law § 240 (1) applies to plaintiff's accident (*see La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1127 [2010]). " '[F]alling object' liability under Labor Law § 240 (1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (*Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]).

The motion court properly disregarded the affidavit by defendants' mechanical engineer since the expert's opinion was speculative and unsupported by any evidence (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]).

Even if the court should not have disregarded the affidavit by plaintiff's fellow employee, who claimed to have witnessed the accident and stated that plaintiff had placed his head and upper body inside the chute, partial summary judgment was correctly granted to plaintiff, because defendants failed to raise an issue of fact whether plaintiff had an adequate safety device available (*see e.g. Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 10 [2011]). If the debris chute had been functioning properly, it would not have become clogged, plaintiff would not have been sent to unclog it, and he would not have been injured. Since plaintiff's accident was caused, at least in part, by defendants' failure to provide an adequate safety device, plaintiff's alleged act of placing his head and upper body inside the chute could not have been the sole proximate cause of the accident (*see Cevallos v Morning Dun Realty, Corp.*, 78 AD3d 547, 548 [2010]).

Since we are affirming the grant of partial summary judgment to plaintiff on his Labor Law § 240 (1) claim, we need not address his negligence and Labor Law § 241 (6) claims (*see e.g. Auriemma*, 82 AD3d at 12). We note that the motion court granted defendants' cross motion for summary judgment dismissing the Labor Law § 200 claim.

Although plaintiff has not cross-appealed, we grant him summary judgment as to liability under Labor Law § 240 (1) against the defendants other than Highbridge (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]). By its

terms, Labor Law § 240 (1) applies to "[a]ll contractors and owners." In their answer, defendant Knickerbocker Construction, LLC admitted that it was the general contractor, and defendant Atlantic Development Group, LLC admitted that it owned the building where plaintiff's accident took place. Defendant Kensington Heights Associates, L.P. admitted that it leased the land where the accident occurred from Highbridge (the owner of the land); the lease between Highbridge and Kensington and the deposition testimony of a Highbridge representative show that Kensington had the right and authority to control the work site and therefore may be held liable under Labor Law § 240 (1) (*see Zaher v Shopwell, Inc.*, 18 AD3d 339, 339-340 [2005]). Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.