Wiscovitch v Lend Lease (U.S.) Constr. LMB Inc. (2018 NY Slip Op 00350)





Wiscovitch v Lend Lease (U.S.) Constr. LMB Inc.


2018 NY Slip Op 00350


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.,


5343 157394/12

[*1]Arthur Wiscovitch, Plaintiff-Respondent,
v Lend Lease (U.S.) Construction LMB Inc., formerly known as Bovis Lend Lease LMB, Inc., et al., Defendants-Appellants.


Cerussi & Spring, P.C., White Plains (Christopher B. Roberta of counsel), for appellants.
Kazmierczuk & McGrath, Forest Hills (John P. McGrath of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered December 19, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff, a steelworker, was employed by nonparty AJ McNulty & Co. on the Gotham Building construction project located in Long Island City. The defendants were the project's construction manager and owner.
On the day of the accident, plaintiff was assigned to a safety gang and was required to dismantle the safety protections that had been installed over openings in the construction floor for stairwells and elevator shafts so that workers could move on to another floor of the project. Plaintiff testified that such openings were covered "for protection so [the workers] don't fall through them." The openings were covered and protected using cribbing, wood planks and safety cables. The cribbing, which acted as a small frame, was placed over the hole, the planks were laid on top of the cribbing and, finally, three safety cables were erected around the openings after they were covered with the cribbing and planks.
Plaintiff was injured when he was disassembling a safety protection over an opening in the construction floor made for an elevator shaft. Specifically, plaintiff testified that he was squatting down as he was removing the planks from the opening and that when he pulled one of the planks toward him to remove it, his left foot slipped on an oily substance on the floor causing his leg to kick out from under him. The far end of the plank then went down into the opening causing the end of the plank that plaintiff was holding to come up and hit plaintiff on the side of the neck. He was dragged toward the opening with the plank, and was pulled into one of the safety cables around the opening, which stopped him from falling completely into the opening. However, plaintiff injured his neck and back while trying to maintain control of the plank. Plaintiff testified that the cribbing had not been tied down or secured and that he observed right after the accident that the cribbing actually fell into the hole.
We find that the motion court properly denied defendants' motion for summary judgment. Liability under Labor Law § 240(1) applies "where the [safety] device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (Dominguez v Lafayette-Boynton Hous. Corp., 240 AD2d 310, 312 [1st Dept 1997], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). Initially, contrary to defendants' assertion, the cribbing and planking together constituted a safety device designed to protect the workers on the project from falling into the opening in the construction floor (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446 [1st Dept 2013] [plaintiff granted summary judgment on the Labor Law § 240(1) claim based on a showing that the plywood cover over the hole in which he fell was an [*2]inadequate safety device because it was unsecured at the time of the accident]). Further, it is undisputed that the cribbing was not secured at the time of plaintiff's accident, which allowed the plank plaintiff was holding to fall into the opening, dragging plaintiff toward the opening, causing his injuries.
To the extent defendants assert that they cannot be held liable under Labor Law § 240(1), on the ground that plaintiff's accident was not caused by the inadequacy of a safety device but rather by him slipping on an oily substance, this does not support granting summary judgment to the defendants. Although plaintiff testified that he slipped due to the oily substance on the floor, the safety device comprised of the cribbing and planking, which was installed to prevent workers from falling into the opening in the floor, could be found by a trier of fact to be a proximate cause of plaintiff's injuries. Even if the oily substance on the floor was a proximate cause of plaintiff's accident, "[t]here may be more than one proximate cause of a workplace accident" (Pardo v Bialystoker Ctr. & Bikur Cholim, 308 AD2d 384 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK