D'Ambruoso v Port Auth. of N.Y. & N.J. (2022 NY Slip Op 07184)

D'Ambruoso v Port Auth. of N.Y. & N.J.

2022 NY Slip Op 07184

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Index No. 26438/19E Appeal No. 16930-,16931 Case No. 2022-00207, 2022-00560 

[*1]Joseph D'Ambruoso et al., Plaintiffs-Appellants,
v
The Port Authority of New York & New Jersey et al., Defendants-Respondents. 

Bernadette Panzella, P.C., New York (Bernadette Panzella of counsel), for appellants.
Segal McCambridge Singer & Mahoney, New York (Christian H. Gannon of counsel), for respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about February 11, 2021, which, to the extent appealed from, denied plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240(1) claim, unanimously affirmed, without costs. Order, same court and Justice, entered February 1, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for leave to renew their motion for partial summary judgment on the issue of liability on their Labor Law § 241(6) claim, unanimously affirmed, without costs.
Plaintiff Joseph D'Ambruoso alleges that he was wheeling a hand truck carrying work material along a plywood ramp when one of the pieces of plywood shifted under him, causing him to fall onto steel piping and the concrete floor about 12 to 18 inches below.
The motion court correctly denied plaintiffs partial summary judgment on the Labor Law § 240(1) claim. Although "[t]here is no bright-line minimum height differential that determines whether an elevation hazard exists" for purposes of the statute (Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9 [1st Dept 2011]), plaintiff's accident "was not the result of an elevation-related risk against which he was not properly protected" (Corona v HHSC 13th St. Dev. Corp., 197 AD3d 1025, 1027 [1st Dept 2021]).
Additionally, the motion court providently exercised its discretion in denying plaintiffs' motion for leave to renew. On their motion for leave to renew (CPLR 2221[e]), which was made nearly one year after their original summary judgment motion, plaintiffs submitted a video depicting the condition of the piece of plywood at issue two days after the accident. They explained that they were unable to offer it on their prior motion because they did not know how to transfer the video from plaintiff's Android phone when he switched to a new iPhone. This is not a reasonable justification for failing to present the video at the time plaintiffs made their original summary judgment motion. In his affidavit, plaintiff Joseph D'Ambruoso admitted that he was in possession of the video at the time the prior summary judgment motion was made but was silent as to what, if any, efforts were made to extract the video from his Android cell phone onto a medium that could be shared with counsel despite having the video in his possession for
at least 18 months before the original summary judgment motion was made.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022