Skydaniuk v ESRT Empire State Bldg., LLC (2025 NY Slip Op 03150)

Skydaniuk v ESRT Empire State Bldg., LLC

2025 NY Slip Op 03150

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Index No. 27777/19|Appeal No. 4420|Case No. 2024-04085|

[*1]Vasyl Skydaniuk, Plaintiff-Appellant,
v
ESRT Empire State Building, LLC, et al., Defendants-Respondents, S. Tieger Plumbing Company, Inc., et al., Defendants.
ESRT Empire State Building, LLC, et al., Third-Party Plaintiffs-Respondents,
v
Denko Mechanical, Inc., Third-Party Defendant-Appellant.

Goidel & Siegel, LLP, New York (Joshua Annenberg of counsel), for Vasyl Skydaniuk, appellant.
Law Office of Eric D. Feldman, New York (Evy Kazansky of counsel), for Denko Mechanical, Inc., appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Paul Golden of counsel), for respondents.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered on or about June 27, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability on the Labor Law § 240(1) claim, and denied the motion of defendant Denko Mechanical, Inc. for summary judgment dismissing the claims of defendants ESRT Empire State Building and DGC Capital Contracting Corp. for contractual indemnification and breach of contract for failure to procure insurance as against it, unanimously modified, on the law, to grant plaintiff's motion and delete the phrase "including for DCG's own negligence" on page eight of the order, and otherwise affirmed, without costs.
Supreme Court should have granted plaintiff's motion for summary judgment on liability on his Labor Law § 240 claim. Plaintiff alleges that he was injured on a renovation project when he tripped and fell down a stationary escalator, which served as the sole means of access between two levels of the construction site. One of DCG's carpenters testified at his deposition that, to protect the escalator, he covered the steps with plastic sheeting and then duct-taped custom-cut Masonite boards to the sheeting. According to plaintiff's deposition testimony, he tripped and fell on the escalator when duct tape got stuck to his boots and he slid on the Masonite.
This testimony, which plaintiff submitted on his motion, suffices to make out a prima facie case that plaintiff is entitled to summary judgment on liability on his Labor Law § 240(1) claim. The escalator constituted an enumerated safety device, as it was an elevated surface on which plaintiff was required to work and served as the only way to access his work area (see Rivas v Nestle Realty Holding Corp., 188 AD3d 430, 431[1st Dept 2020]; Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655, 655 [1st Dept 2018]; Crimi v Neves Assoc., 306 AD2d 152, 153 [1st Dept 2003]). The evidence therefore establishes that defendants failed to provide plaintiff with a proper elevation-related safety device in violation of Labor Law § 240, and that this violation proximately caused plaintiff's injuries (id.; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 8-9 [1st Dept 2011]).
In opposition, defendants failed to raise an issue of fact. Labor Law § 240 is violated where, as here, plaintiff is exposed to an elevation-related risk while engaged in an activity covered by the statute and defendant provides a safety device inadequate to protect the plaintiff against the elevation-related risk (see Auriemma, 82 AD3d at 9).
Supreme Court properly denied Denko's motion for summary judgment dismissing ESRT and DGC's third-party claims for contractual indemnification and breach of contract for failure to procure insurance. The subcontract between Denko and DGC required Denko "[t]o the fullest extent permitted by law . . . to indemnify" defendants for all claims "arising out of or in connection with or as a result of or as [*2]a consequence of the performance of the work to be undertaken by" Denko. Plaintiff was performing work on its behalf at the time he was injured. Thus, Denko failed to establish that the indemnification provision was not triggered (see Torres v Morse Diesel Intl., Inc., 14 AD3d 401, 403 [1st Dept 2005]). Denko failed to establish that it met its insurance procurement obligations of obtaining coverage for ESRT and DGC, as the insurance policy it offered to address that issue was improperly submitted in reply (see Dannasch v Bifulco, 184 AD2d 415, 417 [1st Dept 1992]).
However, Denko is not required to indemnify DGC for DGC's own negligence, which has yet to be determined (see General Obligations Law § 5-322.1[1]; Correia v Professional Data Mgt., 259 AD2d 60, 64 [1st Dept 1999]).
We have considered the remaining contentions and reject them.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025