Jover v 1540 Second Realty, LLC

2026 NY Slip Op 02202

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Carlos Jover, Plaintiff-Appellant,

v

1540 Second Realty, LLC, Defendant-Respondent.

1540 Second Realty, LLC, Third-Party Plaintiff-Respondent,

v

Alba Services Inc., Third-Party Defendant-Respondent.

Decided and Entered: April 14, 2026

Index No. 21334/16|Appeal No. 6344|Case No. 2025-05212|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

Hecht Kleeger & Damashek, P.C., New York (Ephrem J. Wertenteil of counsel), for appellant.

O'Toole Scrivo, LLC, New York (Dennise E. Mejia of counsel), for 1540 Second Realty LLC, respondent.

Fuchs Rosenzweig PLLC, New York (Valerie Prizimenter of counsel), for ALBA Services Inc., respondent.

[*1]

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered July 28, 2025, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims, unanimously reversed, on the law, without costs, and the motion granted as to liability on the Labor Law § 240(1) claim.

Supreme Court denied plaintiff's motion for summary judgment due to conflicting testimony concerning how plaintiff's accident occurred. Plaintiff testified that as part of demolition activities at the construction site, his employer created holes in each floor of the building, which allowed his coworkers to dump construction debris from higher floors to the first floor. Plaintiff testified that his foreman ordered him to clean debris that had clogged the hole on the second floor, and while doing so, a coworker dumped debris that fell on him, causing injury. In contrast, plaintiff's foreman testified that construction debris was dumped into a chute system that passed through holes in the floors from the higher floors to the first floor, where debris then fell into containers that had to be replaced after they were filled. Plaintiff's foreman testified that plaintiff was on the first floor performing the container replacement job prior to his accident, but that debris dumping activities had completed, and plaintiff had been instructed to come upstairs from the first floor before the accident.

Plaintiff was entitled to summary judgment on the Labor Law § 240(1) claim under either scenario. The existence of conflicting accounts of an accident does not preclude summary judgment on the issue of liability where either asserted version of events demonstrates that a violation of Labor Law § 240(1) proximately caused an injury (see Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592, 592 [1st Dept 2010]). Under either version of the facts, defendant violated Labor Law § 240(1) by failing to provide adequate safety devices (see Henningham v Highbridge Community Hous. Dev. Fund Corp., 91 AD3d 521, 521-522 [1st Dept 2012]). Contrary to defendant's suggestion, falling object liability "is not limited to cases in which the falling object is in the process of being hoisted or secured" (Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759 [2008]).

In light of the foregoing, consideration of the Labor Law § 241(6) claim is academic.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026