■ FILIBERTO EUSTAQUIO et al., Respondents, v 860 CORT-LANDT HOLDINGS, INC., et al., Appellants. [944 NYS2d 78]—

Order, Supreme Court, New York County (Louis B. York, J.), entered September 21, 2011, which granted plaintiff's motion for partial summary judgement on the issue of liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff met his prima facie burden by submitting his deposition testimony and affidavit showing that he fell from a ladder that was not properly secured or equipped with adequate safety devices (*see e.g. Granillo v Donna Karen Co.*, 17 AD3d 531, 531 [2005], *lv dismissed in part and denied in part* 5 NY3d 878 [2005]; *Velasco v Green-Wood Cemetery*, 8 AD3d 88, 89 [2004]).

Defendants' evidence was insufficient to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries. The sworn statement of the foreman of plaintiff's nonparty employer, prepared by a private investigator during an investigation of plaintiff's claim, was inadmissible. While the statement and the investigator's affidavit state that the foreman's daughter had translated the statement from Greek to English, the statement was not accompanied by an attestation from the daughter setting forth her qualifications and the accuracy of the translation (*see* CPLR 2101 [b]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 54 [2011]). The deposition testimony of the president of plaintiff's employer was insufficient to show that plaintiff was recalcitrant in failing to secure the ladder with a rope before using it, as the president had no personal knowledge of the accident or the condition of the ladder at the time of the accident (*see Madalinski v Structure-Tone, Inc.*, 47 AD3d 687, 688 [2008]; *Kyle v City of New York*, 268 AD2d 192 [2000], *lv denied* 97 NY2d 608 [2002]). Defendants failed to preserve their argument that plaintiff was recalcitrant in choosing to use the unsecured ladder instead of an interior staircase, and we decline to review it. In any event, the argument is unavailing, as there is no evidence in the record indicating that the workers had permission to use the internal stairway, or that the use of the ladder to access or leave

the roof constituted a misuse of the device (*cf. Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]). Rather, the evidence shows that plaintiff and the other workers were instructed to use the ladder to access the roof (*cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]). Insofar as defendants argue that harnesses were available at the job site, the evidence does not show that the workers were expected to, or instructed to, use a harness while ascending or descending a ladder (*see Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 10 [2011]; *Gallagher v New York Post*, 14 NY3d 83, 88-89 [2010]). Indeed, the general contractor's field supervisor and the president of plaintiff's employer both testified that harnesses were not needed for the roofing work, given the existence of a parapet wall around the roof.

We have reviewed defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.