■ JOHN PETERS, Appellant, v NEW SCHOOL, Respondent. [958 NYS2d 133]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered June 27, 2011, which denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff was injured when, while removing plywood sheets that were temporarily covering a hole in the floor, a wood beam that was used to support the plywood and upon which plaintiff was standing, cracked and caused him to fall through the hole. Plaintiff established, through his deposition testimony and the affidavit of his coworker, that defendant failed to provide any safety devices that would have prevented his fall, thereby entitling him to summary judgment (*see Bland v Manocherian*, 66 NY2d 452, 459 [1985]).

In opposition, defendant failed to raise a triable issue of fact as to whether plaintiff was a recalcitrant worker or the sole proximate cause of the accident (*see Eustaquio v 860 Cortlandt Holdings, Inc.*, 95 AD3d 548 [1st Dept 2012]). The project superintendent's affidavit was conclusory and nonspecific as to what safety devices were available, where they were kept, and whether plaintiff knew where they were kept. A general standing order to use safety devices does not raise a question of fact that a plaintiff knew that safety devices were available and unreasonably chose not to use them (*see Gallagher v New York Post*, 14 NY3d 83, 88-89 [2010]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Román and Clark, JJ. **[Prior Case History: 2011 NY Slip Op 31707(U).]**