■ ORRATHAI PWANGSUNTHIE, Appellant, v MARCO REALTY ASSOCIATES, L.P., et al., Defendants, and DR. JAY'S, INC., Respondent. [26 NYS3d 9]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about September 11, 2014, which, insofar as appealed from as limited by the briefs, granted the motion of defendant Dr. Jay's, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff was injured when she lost her balance while descending the first of two steps leading down from the mezzanine area to the main floor of defendant Dr. Jay's store. Although plaintiff reached for a handrail to prevent her from falling, the stairs did not have handrails.

The motion court properly found that the two steps between the mezzanine and ground-floor level of the store constituted "access stairs," and not "interior stairs," within the meaning of the 1968 Building Code of City of New York (Administrative Code of City of NY §§ 27-232, 27-375 [f]). Therefore, the Code's requirement that "interior stairs" have handrails has no applicability, whether or not the 1968 Building Code applied to defendant's renovation of the store (see Administrative Code § 27-232; *Cusumano v City of New York*, 15 NY3d 319, 324 [2010]; *Martin v DNA Rest. Corp.*, 103 AD3d 575 [1st Dept 2013]; *Remes v 513 W. 26th Realty, LLC*, 73 AD3d 665 [1st Dept 2010]).

Defendant demonstrated through photographs, as well as plaintiff's testimony, that the steps inside its store were without defects or debris, and were well lit. Plaintiff failed to

contradict, or submit evidence to rebut the showing that the two steps did not constitute a dangerous condition on the premises (*see Remes* at 666; *Burke v Canyon Rd. Rest.*, 60 AD3d 558 [1st Dept 2009]). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.