■ CRUZ PERALTA-SANTOS, Respondent, v 350 WEST 49TH STREET CORP. et al., Appellants. [30 NYS3d 553]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 5, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendants established their entitlement to judgment as a

matter of law in this action where plaintiff alleges that he was injured when he fell down the stairs in defendants' building. Defendants submitted, inter alia, plaintiff's deposition testimony where he stated that while climbing the subject stairs, he suddenly felt dizzy and weak, heard the "noise of a paper," and remembered nothing else until he later awoke in the hospital. He was twice asked whether he knew, or ever learned, what caused him to fall, and each time answered that he did not. Nowhere else in his testimony did plaintiff identify the cause of his fall (*see Lee v Ana Dev. Corp.*, 110 AD3d 479 [1st Dept 2013]).

In opposition, plaintiff failed to raise a triable issue of fact. His affidavit, where he claimed that he slipped and fell on paper restaurant menus strewn on defendants' stairs, was inadmissable, as plaintiff testified he neither spoke, read nor wrote in English, yet his affidavit was unaccompanied by a translator's affidavit attesting to its accuracy, as required by CPLR 2101 (b) (*see Eustaquio v 860 Cortlandt Holdings, Inc.*, 95 AD3d 548 [1st Dept 2012]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 54 [2d Dept 2011]). Furthermore, even if admissible, the affidavit raised only feigned issues of fact, as it contradicted plaintiff's deposition testimony, and was tailored to avoid the consequences of such testimony (*see e.g. Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [1st Dept 2000]). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.