■ LINDA VERDERESE, Appellant, v 3225 REALTY CORP., Respondent. [46 NYS3d 873]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered January 4, 2016, dismissing the complaint, and bringing up for review an order, same court and Justice, entered December 17, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she fell on an interior stair located in a lobby of a residential building owned and maintained by defendant. Plaintiff claims that the stairway lacked handrails as required by the applicable 1916 Building Code and that defendant's negligence in maintaining the area departed from good and accepted engineering practice.

Pursuant to section 153 (6) of the 1916 Building Code, handrails are required only for "[i]nterior stairs" (*see Maksuti v Best Italian Pizza*, 27 AD3d 300, 301 [1st Dept 2006], *lv denied* 7 NY3d 715 [2006]). Given the lack of a definition of "interior stairs" in the 1916 Code, it is appropriate to consider the definition in subsequent Codes (*id.*). The 1968 Building Code, which defendant relies upon, defines an "interior stair" as "[a] stair within a building, that serves as a required exit" (Administrative Code of City of NY § 27-232). An "exit" is defined as "[a] means of egress from the interior of a building to an open exterior space[,]" but does not include "access stairs" (*id.*). An

"access stair" is defined as "[a] stair between two floors, which does not serve as a required exit" (id.).

Defendant made a prima facie showing that the stair upon which plaintiff fell was an "access stair," and not an "interior stair," within the meaning of the 1968 Building Code, and that handrails were therefore not required under the 1916 Code (see Pwangsunthie v Marco Realty Assoc., L.P., 136 AD3d 502, 502 [1st Dept 2016], lv denied 27 NY3d 906 [2016]). The color photographs defendant submitted show two stairs that do not serve as a means of egress from the interior of the building to an open exterior space (see Administrative Code § 27-232). In opposition, plaintiff failed to raise a triable issue of fact.

Defendant also made a prima facie showing that the stairs did not constitute a dangerous condition or hidden trap (see Pwangsunthie, 136 AD3d at 502-503; see also Burke v Canyon Rd. Rest., 60 AD3d 558, 559 [1st Dept 2009]). Plaintiff testified that she had successfully traversed the steps without incident for approximately 40 years, knew that the stairs were not equipped with a handrail, and tripped after she failed to raise her foot all the way to the top part of the first step, causing her to make a misstep (see Barakos v Old Heidelberg Corp., 145 AD3d 562 [1st Dept 2016]).

Plaintiff's expert's averment that the absence of handrails violated good and accepted safe engineering practices failed to raise a triable issue of fact (see Jones v City of New York, 32 AD3d 706, 707 [1st Dept 2006]). The expert's opinion was conclusory and without probative force; the only standards the expert relied upon were the 1916 Building Code, which was not violated, and the 2008 Building Code, which is inapplicable.

Plaintiff has abandoned her claim regarding the alleged lack of nonslip treads on the stairs (see Batas v Prudential Ins. Co. of Am., 37 AD3d 320, 321 n 1 [1st Dept 2007]). Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ.