Fox v Saloon (2018 NY Slip Op 08117)





Fox v Saloon


2018 NY Slip Op 08117


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-10490
 (Index No. 4963/14)

[*1]Patrick Fox, appellant, 
v
Patriot Saloon, et al., respondents.


Krentsel & Guzman, LLP (Michael H. Zhu of counsel), for appellant.
Connell Foley LLP, New York, NY (Michael J. Crowley and Brian Morrissey of counsel), for respondent Estate of William Stone.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated August 15, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Estate of William Stone which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he alleges he sustained when he tripped and fell on a defective stair of a stairway located between floors of a bar and restaurant operated by the defendant Patriot Saloon, located on premises in Manhattan owned by the defendant Estate of William Stone (hereinafter the Estate). According to the plaintiff, the stair was uneven and had pieces missing, and there was no handrail on the right side of the stairway. The Estate moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was an out-of-possession landlord with no duty to maintain the stairway within the leased premises. The Supreme Court granted that branch of the Estate's motion, and the plaintiff appeals.
An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty imposed by statute or assumed by contract or a course of conduct" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566; Casson v McConnell, 148 AD3d 863, 864). Here, where the complaint sounds in common-law negligence and the pleadings do not allege the violation of a statute, the Estate demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by establishing that it was an out-of-possession landlord which was not bound by contract or course of conduct to maintain the premises (see Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946; Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18-19 ).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the Estate violated the Administrative Code of the City of New York was not set forth in his complaint or bill of particulars and, therefore, was improperly raised for the first time in [*2]opposition to the defendant's motion (see Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796). In any event, Administrative Code § 27-375(e)(2) does not apply to the subject stairway since it is not an "interior stair" within the meaning of the Administrative Code, as it did not serve as a required exit (Administrative Code § 27-232; see Cusumano v City of New York, 15 NY3d 319, 324; Verderese v 3225 Realty Corp., 147 AD3d 637, 638; Mansfield v Dolcemascolo, 34 AD3d 763, 764). The plaintiff's contention that the Estate violated Administrative Code § 27-375(f) was improperly raised for the first time on appeal (see Costa v Sterling Equip., Inc., 123 AD3d 649, 650).
Accordingly, we agree with the Supreme Court's determination granting that branch of the Estate's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
We have not considered matter dehors the record referred to in the Estate's brief (see Bhim v Dourmashkin, 123 AD3d 862, 865; Aronov v Shimonov, 105 AD3d 787, 789).
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court