Perez v Pinnacle Group, Inc. (2019 NY Slip Op 03887)





Perez v Pinnacle Group, Inc.


2019 NY Slip Op 03887


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9321 302048/15

[*1]Irma Perez, Plaintiff-Appellant,
v
The Pinnacle Group, Inc., et al., Defendants-Respondents.


Peña & Kahn, PLLC, Bronx (Raafat S. Toss of counsel), for appellant.
Pillinger, Millier & Tarallo, LLP, Elmsford (Michael Neri of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered on or about March 14, 2018, which, upon reargument, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants satisfied their prima facie burden by showing that freezing rain was falling at the time of plaintiff's accident. Prior to stepping on the ramp on which she slipped and fell, plaintiff testified that she looked down and saw "small balls of ice." When asked what caused her to fall, she testified "the bad weather — the inclement weather. . . It was very slippery. It had to be the ice." She also stated that while she did not know how long the ice had been there, she had used the ramp the previous afternoon, and there was no ice on it at that time (see Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp., 79 AD3d 518 [1st Dept 2010]). Furthermore, certified weather records confirmed that freezing rain began to fall at 6:20 a.m., and continued until 9:51 a.m., and plaintiff's accident occurred at approximately 10:00 a.m.
In opposition, plaintiff failed to raise a triable issue of fact. Her argument in opposition is that defendants had constructive notice of an icy condition on the subject ramp, as alleged in her son's affidavit. This affidavit created only a feigned issue of fact, as plaintiff's son contradicted plaintiff's sworn deposition testimony with respect to the presence of ice on the ramp prior to her accident (see Luna v CEC Entertainment, Inc., 159 AD3d 445 [1st Dept 2018]; Peralta-Santos v 350 W. 49th St. Corp., 139 AD3d 536, 537 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK