Hidalgo v Vasquez (2020 NY Slip Op 06224)





Hidalgo v Vasquez


2020 NY Slip Op 06224


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 303148/16 Appeal No. 12249 Case No. 2019-04958 

[*1]Stephanie Hidalgo, Plaintiff-Respondent,
v
Esgare Vasquez, et al., Defendants, Luis Fernandez, Defendant-Appellant.


Cheven, Keely & Hatzis, New York (Thomas Torto of counsel), for appellant.
Steinberg & Gruber, P.C., Garden City (Hermann P. Gruber of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about October 15, 2019, which denied the motion of defendant Luis Fernandez for summary judgment dismissing the complaint and all cross claims as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant made a prima facie showing of entitlement to summary judgment. He testified at his deposition that he was driving slowly in his lane on a two-lane street when codefendants' car, traveling in the opposite direction, sped across the double yellow lines and hit his car, injuring plaintiff, a passenger in defendant's car. Defendant testified that he honked his horn and tried to swerve out of the way, but he could not avoid the accident. The failure of a driver to avert the consequence of a speeding oncoming vehicle crossing over into his lane is not negligence (see Benedetto v City of New York, 166 AD2d 209, 210 [1st Dept 1990]; see also Mack v Seabrook, 161 AD3d 704 [1st Dept 2018], lv denied 32 NY3d 915 [2019]; Vehicle and Traffic Law §§ 1120[a], 1126[a]).
In opposition, plaintiff failed to raise a triable issue of fact. Her affidavit stating that defendant negligently failed to evade the oncoming car was speculative (see e.g. Harrigan v Sow, 165 AD3d 463 [1st Dept 2018]; Jenkins v Alexander, 9 AD3d 286, 288 [1st Dept 2004]), and it contradicted her earlier deposition testimony that she did not observe anything before the accident took place because she was looking down at her phone (see Luna v CEC Entertainment Inc., 159 AD3d 445, 446 [1st Dept 2018]; Peralta-Santos v 350 W. 49th St. Corp., 139 AD3d 536, 537 [1st Dept 2016]). No other evidence was proffered to support that defendant failed to take reasonable steps to avoid the collision. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020