Sowa v Zabar (2021 NY Slip Op 02618)





Sowa v Zabar


2021 NY Slip Op 02618


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 152161/16 Appeal No. 13716 Case No. 2020-03954 

[*1]Katarzyna Sowa, Plaintiff-Appellant,
v
Eli Zabar, et al., Defendants-Respondents.
Devon Fredericks, et. al., Third-Party Plaintiffs-Respondents,
v
NYC Elite Gymnastics II, Inc., Third-Party Defendant-Respondent.


Argyropoulos & Associates, LLC, Astoria (Susan Paulovich Keaton of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for Eli Zabar, Sondra Zabar, Devon Fredericks and E.A.T., respondents.
Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for NYC Elite Gymnastics II, Inc., respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 30, 2020, which, to the extent appealed from, granted third-party defendant NYC Elite Gymnastics II, Inc.'s motion for summary judgment dismissing the complaint and third-party complaint, unanimously affirmed, without costs.
This action arises out of personal injuries sustained by plaintiff Katarzyna Sowa while she was working as a commercial cleaner for third party-defendant NYC Elite and fell down steps leading to a storage closet, which was in the women's locker room. NYC Elite established entitlement to judgment dismissing the complaint as a matter of law by submitting the deposition testimony of plaintiff, wherein she repeatedly testified that she did not know what caused her to fall, could not recall if she had slipped or tripped, and did not remember where she was standing immediately prior to her fall (see Peralta-Santos v 350 W. 49th St. Corp., 139 AD3d 536, 537 [1st Dept 2016];Lee v Ana Dev. Corp., 110 AD3d 479 [1st Dept 2013]). It also submitted the affidavit of an engineering expert who averred that the steps were not slippery, did not constitute an "interior stairway" as defined by the 1968 Building Code and therefore did not require handrails, conformed with the approved plans, and did not violate any other codes or rules (Verderese v 3225 Realty Corp., 147 AD3d 637, 637 [1st Dept 2017]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's statement in her affidavit that she lost her balance because of the lack of a handrail contradicts her deposition testimony and was tailored to avoid the consequences of such testimony (see Peralta-Santos, 139 AD3d at 537; Mermelstein v East Winds Co., 136 AD3d 505 [1st Dept 2016]). Additionally, her expert affidavit failed to raise any questions of fact, since his opinion that the measurement of the steps, the arrangement of the door, and the lack of a handrail caused the accident was conclusory. At no point did plaintiff testify that the steps or door caused her to fall. Nor did plaintiff testify that the lack of a handrail contributed to the accident. In any event, "[a]lthough the 1968 Building Code requirement for handrails is referenced, it is well established that the cited requirement only applies for internal stairs that serve as a required exit, but not to the access stairs which were involved in this accident" (Porto v Golden Seahorse LLC, 177 AD3d 540, 541 [1st Dept 2019]; see Lopez v Chan, 102 AD3d 625, 626-627 [1st Dept 2013]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021