Denstman v Manhattan Eye, Ear & Throat Hosp. (2021 NY Slip Op 06753)





Denstman v Manhattan Eye, Ear & Throat Hosp.


2021 NY Slip Op 06753


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 157345/18 Appeal No. 14743 Case No. 2020-04019 

[*1]Pearl Denstman, Plaintiff-Appellant,
v
Manhattan Eye, Ear & Throat Hospital et al., Defendants-Respondents.


Michael H. Zhu, PC, New York (Michael H. Zhu of counsel), for appellant.
Barbiero, Bisch & O'Connor, LLP, Central Islip (Joseph M. O'Connor of counsel), for respondents.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 17, 2021, dismissing the complaint, unanimously affirmed, without costs.
Defendants' evidence, both testimonial and photographic, established that the final step of the staircase on which plaintiff tripped was open and obvious and not inherently dangerous (see Hall v New Way Remodeling, Inc., 168 AD3d 620 [1st Dept 2019]; Franchini v American Legion Post, 107 AD3d 432 [1st Dept 2013]). Defendants' expert's report and affidavit also established that the stairs were in a safe condition and did not violate any applicable New York City Building Code requirements (see Porto v Golden Seahorse LLC, 177 AD3d 540 [1st Dept 2019]; Hernandez v Callen, 134 AD3d 654 [1st Dept 2015]).
Plaintiff's opposition failed to raise an issue of fact. Plaintiff's expert's opinion that the step caused optical confusion is belied by the photographs in the record, which show that the final step and the landing were of different, contrasting colors (see Hall, 168 AD3d at 620; Namm v Levy, 172 AD3d 507 [1st Dept 2019]). The expert's assertion that the lack of handrails at the last step constituted a dangerous condition was conclusory, as it was not supported by reference to any applicable safety standards or practices (see Hernandez, 134 AD3d at 654; see also Verderese v 3225 Realty Corp., 147 AD3d 637, 638 [1st Dept 2017]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021