| Rodriguez v CB Devs. |
|:---:|
| 2024 NY Slip Op 32044(U) |
| June 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155327/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: HON. MARY V. ROSADO      PART      33M

*Justice*

--------------------------------------------------------------------X

RAYMOND ALBERT RODRIGUEZ,

             Plaintiff,

         - v -

CB DEVELOPERS D/B/A CB DEVELOPERS, LLC,C & B
DEVELOPER LLC,CBJ MANAGEMENT LLC,FOOT
LOCKER RETAIL, INC.,1314 DEVELOPMENT, LLC,ALBA
SERVICES, INC.,ALBA ENVIRONMENTAL, INC.,ARC
CONTRACTING, INC.

             Defendant.

--------------------------------------------------------------------X

1314 DEVELOPMENT, LLC,

             Third-Party Plaintiff,

         - v -

ALBA SERVICES, INC.

             Third-Party Defendant.

--------------------------------------------------------------------X

1314 DEVELOPMENT, LLC,

             Second Third-Party Plaintiff,

         - v -

ALBA ENVIRONMENTAL, INC..

             Second Third-Party Defendant.

--------------------------------------------------------------------X

1314 DEVELOPMENT, LLC

             Third Third-Party Plaintiff,

         - v -

ARC CONTRACTING, INC.,

             Third Third-Party Defendant

--------------------------------------------------------------------X

INDEX NO.      155327/2021

MOTION DATE      12/30/2023

MOTION SEQ. NO.      001

**DECISION + ORDER ON
MOTION**

155327/2021 RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB
DEVELOPERS, LLC ET AL
Motion No. 001

Page 1 of 15

1 of 15

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219

were read on this motion to/for                     JUDGMENT - SUMMARY                .

Upon the foregoing documents, and after oral argument, which took place on October 31, 2023, where Lawrence A. Wilson, Esq. appeared for Plaintiff Raymond Albert Rodriguez Jr. ("Plaintiff"), Lindsay J. Kalick, Esq. appeared for Defendant Foot Locker Retail, Inc. ("Foot Locker"), Jonathan E. Glasser, Esq. appeared for Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff/Third Third-Party Plaintiff 1314 Development, LLC ("1314 Development"), CB Developers d/b/a CB Developers, LLC ("CB Developers"), C & B Developers LLC ("C & B"), and CBJ Management LLC ("CBJ Management"), Alex Johnson, Esq. appeared for Third Third-Party Defendant Arc Contracting, Inc. ("Arc"), Mehreen Hayat, Esq. appeared for Second Third-Party Defendant Alba Environmental, Inc. ("Alba Environmental"), and Michael F. Harris, Esq. appeared for Third-Party Defendant Alba Services, Inc. ("Alba Services"), motion sequence 001 is decided as follows:

Foot Locker's motion for summary judgment dismissing all claims and cross claims against them is denied without prejudice as premature. Foot Locker's motion seeking leave to amend their answer to assert cross claims for contractual indemnification, common-law indemnification, contribution, and breach of contract against 1314 Development, Alba Services, Alba Environmental, and Arc is granted. Foot Locker's motion for summary judgment on its cross claim for contractual indemnification against 1314 Development is granted. Alba Services' cross-motion seeking leave to assert crossclaims is granted in part and denied in part. Plaintiff's motion

155327/2021  RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB
DEVELOPERS, LLC ET AL
Motion No. 001

Page 2 of 15

[* 2]

for partial summary judgment on his Labor Law § 240(1) is granted and his Labor Law §241(6) claim is denied as academic. Alba Services cross motion seeking leave to amend their answer to assert crossclaims is granted in part and denied in part.

## A. Background

On June 5, 2018, Plaintiff was working as an asbestos handler at a Foot Locker store located at 58 West 14th Street, New York, New York (the "Premises") (NYSCEF Doc. 108 at ¶ 2). He was working on a platform makeshift roof of the first-floor bathroom cleaning up asbestos debris (*id.* at ¶ 4). Plywood was placed by other asbestos workers on top of metal beams so that workers could walk and work on the roof of the bathrooms (*id.* at ¶ 5). The plywood was never secured, and Plaintiff was unaware that other workers were removing the plywood (*id.* at ¶ 7). Plaintiff was walking across the makeshift roof towards a ladder used to descend to the ground floor when he realized that plywood was removed, forcing him to walk in 3-inch-wide metal beams to get back to the ladder (*id.* at ¶ 9). While attempting to walk on the beams, Plaintiff fell through an area where the plywood had been removed (*id.* at ¶ 10). Plaintiff testified there was no safety railings or safety netting, nor were there safety belts, harnesses, lanyards, or lifelines (*id.* at ¶ 14).

1314 Development owned the Premises while Foot Locker was a tenant (NYSCEF Doc. 58). Asbestos was discovered at the Premises in early 2018 (NYSCEF Doc. 59 at ¶ 6). The asbestos remediation was handled by 1314 Development and CB Developers, and Foot Locker vacated the premises during the remediation (NYSCEF Doc. 58 at ¶¶ 9-11). Foot Locker did not retain any contractor to perform asbestos remediation work (*id.* at ¶¶ 12-14). CB Developers, who worked with 1314 Development to remediate the asbestos, informed Foot Locker than it would be using its own contractors (NYSCEF Doc. 59 at ¶¶ 10-12). Alba Environment provided a proposal

155327/2021 RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB DEVELOPERS, LLC ET AL
Motion No. 001

Page 3 of 15

3 of 15

to CB Developers to remove and dispose of approximately 3000 square feet of plaster material identified in the 1st floor ceiling as part of the asbestos remediation (NYSCEF Doc. 172).

This case has a storied history and is actually the second action based on the same events. The first action was filed on June 13, 2018 in Queens County Supreme Court under index number 709132/2018 (the "First Action") (*see* NYSCEF Doc. 30). Foot Locker appeared in that action on August 24, 2018 (NYSCEF Doc. 31). 1314 Development appeared in that action on October 23, 2018 (NYSCEF Doc. 33). On October 29, 2018, Alba Services was brought into the First Action by 1314 Development via third-party complaint (NYSCEF Doc. 34).1314 Development brought Alba Environmental into the First Action via third-party complaint on November 20, 2020 (NYSCEF Doc. 41). On March 23, 2021, 1314 Development brought Arc into the initial action via another third-party complaint (NYSCEF Doc. 46).

Plaintiff then commenced this action on June 2, 2021, and Justice Ulysses B. Leverett, who presided over the First Action, ordered that venue be transferred to Manhattan and that the First Action be consolidated with this action (NYSCEF Doc. 51). Thus, although a preliminary conference order in this action was only entered on November 15, 2022, the parties have in actuality been litigating this case since 2018.

### B. The Instant Motion and Cross-Motions

#### i.    Foot Locker's Motion

Foot Locker argues it is entitled to summary judgment dismissing the complaint as to it because the undisputed documentary evidence demonstrates that it had vacated the Premises, was not allowed to enter the Premises until the completion of asbestos remediation and did not hire any contractors who performed remediation work. Likewise, Foot Locker argues it is entitled to summary judgment dismissing crossclaims asserted against it because it did not have a contract

**155327/2021   RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB**       **Page 4 of 15**
**DEVELOPERS, LLC ET AL**
**Motion No. 001**

[* 4]                                                              4 of 15

with any defendant who maintains a cross claim for contractual indemnification against it. Likewise, Foot Locker argues that because it is entitled to summary judgment dismissing the complaint as to it, it is likewise entitled to dismissal of common law indemnification and contribution claims.

Alba Services, Arc, C&B Developers, CB Developers, CBJ Management, and 1314 Development all oppose the motion and argue that it is premature because depositions have not yet taken place. Arc also opposes and argues the motion is premature. Plaintiff also opposes and argues that Foot Locker is considered a statutory owner and is therefore not entitled to summary judgment.

### ii.    Alba Services' cross motion

Alba Services seeks in its cross-motion leave to amend its answer to assert various cross claims. Alba Services relies on the CPLR's instruction to liberally grant leave to amend in support of its motion. Foot Locker opposes on the basis that the proposed amendments lack merit.

### iii.    Plaintiff's cross-motion

Plaintiff cross moves for summary judgment on his Labor Law §§ 240(1) and 241(6) claims. Plaintiff argues that he is entitled to summary judgment on his § 240(1) claim because he was engaged in altering a building when he fell ten feet to the floor due to plywood being removed from areas of the bathroom's makeshift roof, and Plaintiff was not provided any adequate safety devices to protect him from such a fall. Plaintiff argues that 1314 and Foot Locker are both statutory Owners while CB Developers is a statutory contractor and agent of the owner. Plaintiff claims Alba Environmental is a statutory contractor. All parties opposed on the basis no fact depositions had taken place at the time of Plaintiff's cross motion.

**155327/2021   RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB
DEVELOPERS, LLC ET AL
Motion No. 001**

**Page 5 of 15**

[* 5]

5 of 15

## C. Discussion

### I. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

### II. Plaintiff's Cross Motion

Plaintiff's cross motion for partial summary judgment on his Labor Law § 240(1) claim is granted. The First Department has repeatedly held that where a Plaintiff's affidavit establishes a prima facie violation of Labor Law § 240(1), and opposing parties fail to show that discovery might lead to facts that would support its opposition to the motion, the Plaintiff's motion should be granted, even though no depositions have been taken (*Valasquez v 94 E. 208 Street Partners LLC,* 220 AD3d 472 [1st Dept 2023]; *Laporta v PPC Commercial, LLC,* 204 AD3d 538, 539 [1st Dept 2022]; *see also Singh v New York City Housing Authority,* 117 AD3d 475, 476 [1st Dept 2019]).

**155327/2021   RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB DEVELOPERS, LLC ET AL
Motion No. 001**

**Page 6 of 15**

[* 6]                                                                6 of 15

Labor Law § 240(1) should be "construed as liberally as may be for the accomplishment of the purpose for which it was thus framed" (*Zimmer v Chemung County Performing* Arts, 65 NY2d 513, 521 [1985]) which is to place "ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor" (1969 N.Y. Legis. Ann .at 407). Labor Law § 240(1) is violated when a plaintiff is exposed to an elevation-related risk while engaged in an activity covered by the statute, and the defendant fails to provide a safety device adequate to protect the plaintiff against the elevation-related risk or provides an inadequate one (*Jones v 414 Equities LLC*, 57 AD3d 65 [1st Dept 2008]). Comparative negligence is not a defense to an action predicated on Labor Law § 240(1) (*Garcia v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 113 AD3d 494 [1st Dept 2014]).

A fall caused by unprotected floor openings covered solely by unsecured plywood constitutes a violation of Labor Law §240(1) (*Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 450 [1st Dept 2013]; *Peters v New School*, 102 AD3d 548 [1st Dept 2013]). Here, Plaintiff's uncontroverted testimony established that he was working as an asbestos handler at the Premises cleaning up debris due to asbestos removal taking place on the ceiling of the first floor. Unsecured plywood was used to create a makeshift roof ten feet off the ground while Plaintiff carried out his asbestos remediation work. Workers used a ladder to reach the makeshift roof to perform the asbestos removal. While Plaintiff was working on the far side of the roof, away from the ladder, other workers removed plywood creating an opening to the area where the ladder was kept and forcing Plaintiff to attempt to reach the ladder by walking across a three inch wide beam. Plaintiff lost his balance and fell into an open space between the metal beams and through the sheet rock of the bathroom ceiling which had previously been covered by plywood. This established a prima facie violation of Labor Law §240(1).

155327/2021   RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB
DEVELOPERS, LLC ET AL
Motion No. 001

Page 7 of 15

Despite multiple defendants serving as the owner/tenant of the Building or contractors on the worksite, nobody has contradicted Plaintiff's sworn affidavit testimony. Moreover, Defendants' argument that the motion is premature because they have not had an opportunity to depose Plaintiff is disingenuous at best and a material misrepresentation at worst. Defendants had all appeared in the First Action, which was initiated in 2018, and have provided absolutely no excuse for failing to depose Plaintiff in that First Action.

Moreover, although the Defendants seek to depose Plaintiff to ascertain whether he asked anyone to place plywood over the areas where it was previously removed, or for how long he waited before trying to proceed back to the ladder, these issues are immaterial and would not impact summary judgment on Plaintiff's § 240(1) claims because comparative negligence is not a defense to an action predicated on Labor Law § 240(1) (*Garcia v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 113 AD3d 494 [1st Dept 2014]). Plaintiff cannot be considered the sole proximate cause of his accident because it is uncontroverted that workers had removed plywood from the pathway by which Plaintiff could safely descend from the bathroom ceiling (*Rodriguez v BSREP UA Heritage* LLC, 181 AD3d 537 [1st Dept 2020] [failure to ask coworker to hold ladder was at most comparative negligence and insufficient to convert worker's actions into sole proximate cause of injury]; [*Noor v City of New York*, 130 AD3d 536 [1st Dept 2015] [it is conceptually impossible for a statutory violation, which serves as a proximate cause for a plaintiff's injury, to occupy the same ground as a plaintiff's sole proximate cause for the injury]).

The Court finds the affidavit of Wilson Chimborazo, the owner of Alba Environmental, submitted in opposition, fails to raise a triable issue of fact to defeat Plaintiff's *prima facie* showing of a Labor Law §240(1) violation. Mr. Chimborazo alleges that "there was no reason for anyone, including plaintiff...to walk on the bathroom ceilings at this project, since there was no asbestos

155327/2021 RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB DEVELOPERS, LLC ET AL
Motion No. 001

Page 8 of 15

[* 8]

8 of 15

asbestos in the bathrooms." However he also concedes contractors installed plywood walkways throughout the project, including the roof of the bathroom ceiling where plaintiff was allegedly injured and that all workers at the jobsite were aware they had to use the plywood walkways when working on the roof of the project. (NYSCEF Doc. 172 at ¶¶ 4-5; 8). Moreover, the documents annexed to Mr. Chimborazo's affidavit show that asbestos was detected immediately adjacent to the bathroom.

In any event, Mr. Chimborazo fails to state that he was present at the worksite on the date of the accident; that he has any personal knowledge of the accident; or that he ever gave instructions to Plaintiff to not walk through the worksite that was the ceiling of the first-floor bathroom.

An affidavit riddled with bald or vague assertions is insufficient to oppose a motion for summary judgment (*Castillo v TRM Contracting 626, LLC*, 211 AD3d 430, 431 [1st Dept 2022] [principal's bald assertions were speculative and insufficient to refute plaintiff's testimony on Labor Law § 240[1] violation]; *J.A.O. Acquisition Corp. v Stavitsky*, 18 AD3d 389, 390-91 [1st Dept 2005] [bald and vague assertions insufficient to defeat summary judgment]).

Accordingly, Plaintiff's motion for partial summary judgment on his Labor Law §240 (1) claim is granted against 1314 Developer LLC, the undisputed owner of the premises (NYSCEF Doc. 156 at ¶ 2), Alba Environmental, the contractor responsible for removing the plaster material in the first-floor ceiling, and CB Developers as statutory agent, pursuant to stipulation (NYSCEF Doc. 180).

There are insufficient facts in the record to grant Plaintiff summary judgment to Defendant CBJ Management and C & B Developers as it is only stipulated that CB Developers was the agent of 1314 Developer. Therefore, summary judgment is denied as to them. Plaintiff has not sought in

**155327/2021 RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB DEVELOPERS, LLC ET AL**
**Motion No. 001**

**Page 9 of 15**

[* 9]

9 of 15

its cross-motion summary judgment against Alba Services, and as will be explained below, the Court finds there are triable issues of fact as to whether Foot Locker is a statutory owner, therefore summary judgment as to Foot Locker is denied, without prejudice.

Because Plaintiff's Labor Law §240(1) claim is granted, Plaintiff's Labor Law § 241(6) claim is denied as academic (*Malan v FSJ Realty Group II LLC*, 213 AD3d 541, 542 [1st Dept 2023]; *Howard v Turner Constr. Co.*, 134 AD3d 523, 524 [1st Dept 2015]).

### III. Foot Locker's Motion

### A. Summary Judgment Dismissing Claims and Crossclaims

The term "owner" under Labor Law encompasses a person who has an interest in the property and fulfills the role of an owner by contracting to have work performed for his benefit (*Zaher v Shopwell, Inc.*, 18 AD3d 339 [1st Dept 2005]). While Foot Locker argues the statute is silent as to tenants, it appears to have expressly disregarded several controlling First Department cases which have held that tenants may be liable (*Reyes v Bruckner Plaza Shopping Center* LLC, 173 AD3d 570, 571 [1st Dept 2019]; *Henningham v Highbridge Communty Hous. Dev. Fund Corp.*, 91 AD3d 521, 523 [1st Dept 2012]).

Indeed, by Foot Locker's own admission, the asbestos remediation work in which Plaintiff was injured was taken as a prerequisite for Foot Locker's planned renovation of the premises (NYSCEF Doc. 59). Moreover, Foot Locker's argument that it was "out of possession" is insufficient to warrant dismissal as it was still a tenant under the lease and the only reason it was "out of possession" was because it decided to carry out a renovation of the premises. The e-mail chain proffered by Foot Locker is insufficient to grant summary judgment because the last e-mail provided showed CB Developers asking Foot Locker who to coordinate asbestos removal work with, which indicates that Foot Locker may have exercised some degree of supervision or control

**155327/2021 RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB DEVELOPERS, LLC ET AL** **Page 10 of 15**
**Motion No. 001**

[* 10]

10 of 15

over the work (*Rizo v 165 Eileen Way, LLC*, 169 AD3d 943 [2d Dept 2019] *see also Birnbaum v Hyman*, 43 AD3d 374, 375 [1st Dept 2007] [issue finding, rather than issue determination, is key to Court's determination of granting summary judgment]). Foot Locker also filed with the Department of Buildings its plans for the interior renovations (NYSCEF Doc. 117) and retained an architect for the interior renovation (NYSCEF Doc. 124). These facts, viewed in the light most favorable to the non-moving party, show that Foot Locker was not merely a disinterested and out of possession tenant but was actively involved, to some degree, in the Premises' renovation.

As the issue of Foot Locker's supervision and control of the work is dispositive on whether it is a statutory owner, there is some documentary evidence indicating Foot Locker was certainly involved in the renovation process and may have been involved in coordinating work with the asbestos removal contractors, the opposing parties have made a sufficient showing that they are entitled to the deposition of a Foot Locker officer under CPLR 3212 (f).

Viewing the facts in the light most favorable to the non-moving parties, and based on the record presently before the Court, Foot Locker's motion for summary judgment is denied, without prejudice, with leave to renew.

### B. Motion Seeking Leave to Amend

Foot Locker's motion seeking leave to amend to assert cross claims against 1314 Development LLC, Alba Services, Inc., Alba Environmental, and Arc Contracting Inc. for contractual indemnification, common-law indemnification, contribution, and breach of contract is granted.

Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit

155327/2021   RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB
DEVELOPERS, LLC ET AL
Motion No. 001

Page 11 of 15

11 of 15

(*Greenburgh Eleven Union Free School Dist. V National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]). No party opposes the portion of Foot Locker's motion seeking leave to amend and therefore it is granted as unopposed.

**C. Motion for Summary Judgment on Contractual Indemnification Crossclaim**

This portion of Foot Locker's motion is denied. The lease relied upon contains at ¶ R 44 an indemnification clause wherein Foot Locker agreed to indemnify 1314 Development for any act of negligence or default by Foot Locker or any of its agent, servants, employees, contractors, or licensees, or for injury to any person, firm or corporation occurring as a result of any work done by Tenant (or person holding or claiming through or under Tenant) in or about the demised premises. In this case, if Foot Locker is ultimately found to be negligent, then it may be required to indemnify 1314 Development.

On the other hand, Foot Locker relies on a somewhat conflicting indemnification clause at ¶ R 37 of the lease which states that 1314 Development will indemnify Foot Locker from any and all liability resulting from a breach of any representations as to hazardous materials being present on the premises or from the violation of any federal, state or local law governing hazardous materials on, in or below the premises. Viewing the facts in the light most favorable to the non-moving party, the Court is unable to grant summary judgment to Foot Locker on its cross motion for contractual indemnification at this time. The language of ¶ R 37 discusses indemnity for liability imposed due to the presence of hazardous materials while the liability in this action is premised on an injury on a construction site. There is, at a minimum, an issue of fact as to whether Plaintiff's injuries due to insufficient safety devices falls within the scope of liability discussed in ¶ R 37.

155327/2021   RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB
DEVELOPERS, LLC ET AL
Motion No.  001

Page 12 of 15

[* 12]

12 of 15

## IV.     Alba Services Cross-Motion Seeking Leave to Amend

Alba Services cross motion is granted in part and denied in part. The only party who opposed Alba Services' cross motion was Foot Locker. As Foot Locker correctly points out, there is no contract between Foot Locker and Alba Services and therefore the portion of the cross motion seeking leave to amend a cross claim for contractual indemnification against Foot Locker is devoid of merit. However, as Foot Locker's motion for summary judgment was denied and it may still be found negligent, Alba Services' cross claims for contribution and common-law indemnification are not devoid of merit. The remainder of Alba Services' proposed amendments were unopposed and are therefore granted.

Accordingly, it is hereby

ORDERED that the portion of Defendant Foot Locker's motion seeking summary judgment dismissing all claims and crossclaims against it is denied, without prejudice; and it is further

ORDERED that the portion of Defendant Foot Locker's motion seeking leave to amend its answer to assert various crossclaims is granted, and it is further

ORDERED that Foot Locker's Amended Answer in the proposed form annexed to the moving papers (NYSCEF Doc. 61) shall be deemed served on all parties who have appeared in this action upon service of this Decision and Order with notice of entry; and it is further

ORDERED that the defendants/third-party defendants who have appeared in this action, within twenty days of said service, shall file a reply to Foot Locker's crossclaims; and it is further;

ORDERED that Defendant Foot Locker's motion seeking summary judgment on its newly pleaded crossclaim for contractual indemnification is denied; and it is further

**155327/2021   RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB DEVELOPERS, LLC ET AL**
**Motion No. 001**                                                                                      **Page 13 of 15**

13 of 15

ORDERED that Alba Services' cross motion seeking leave to amend its answer to assert various crossclaims is granted in part and denied in part; and it is further

ORDERED that the Alba Services' motion for leave to amend the complaint is granted, in part, as follows: leave is granted to amend to include Alba Services' proposed first, second, and third crossclaims against all defendants and third-party defendants, and leave is granted to assert its proposed fourth crossclaim seeking contractual indemnification against all defendants and third-party defendants except Foot Locker, and to this extent the proposed notice of crossclaim in the form annexed to the moving papers (NYSCEF Doc. 91) shall be deemed served upon service of a copy of this order with notice of entry; and it is further

ORDERED that leave to amend the Answer to include a cross claim for contractual indemnification against Foot Locker is denied and the fourth crossclaim, to the extent it is asserted against Foot Locker, is stricken; and it is further

ORDERED that the defendants/third-party defendants who have appeared in this action, within twenty days of said service of the newly pleaded crossclaims, shall file a reply to Alba Services' crossclaims; and it is further;

ORDERED that Plaintiff Raymond Albert Rodriguez, Jr. is granted partial summary judgment on his Labor Law §240(1) claim against Defendants 1314 Development LLC, and CB Developers d/b/a CB Developers, LLC, and Alba Environmental, Inc.; and it is further

ORDERED that Plaintiff Raymond Albert Rodriguez, Jr.'s motion for summary judgment against Defendant Foot Locker, CBJ Management LLC, and C & B Developers LLC is denied without prejudice; and it is further

ORDERED Plaintiff Raymond Albert Rodriguez, Jr.'s motion for summary judgment on his Labor Law § 241(6) claim is denied as academic; and it is further

155327/2021   RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB
DEVELOPERS, LLC ET AL
Motion No. 001

Page 14 of 15

ORDERED that all parties are directed to appear at a conference with the Court on July 17, 2024 in-person, in Room 442, at 9:30 a.m., to discuss the filed note of issue and representations throughout the motions papers regarding the lack of discovery as it relates to the various crossclaims and defenses asserted. Should any party require an adjournment, the parties are directed to meet and confer and provide several mutually agreeable dates to the Court via e-mail at SFC-Part33-Clerk@nycourts.gov; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this decision and order, with notice of entry, on all parties; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/17/2024 | | _Mary V Rosado_ JSC |
| --- | --- | --- |
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

155327/2021   RODRIGUEZ JR., RAYMOND ALBERT vs. CB DEVELOPERS D/B/A CB
DEVELOPERS, LLC ET AL
Motion No. 001

Page 15 of 15

15 of 15