Aponte v Uber Tech., Inc. (2024 NY Slip Op 04595)

Aponte v Uber Tech., Inc.

2024 NY Slip Op 04595

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 153629/22 Appeal No. 2630 Case No. 2023-05722 

[*1]Megan Aponte, Plaintiff-Appellant,
v
Uber Technologies, Inc., et al., Defendants, S.A. Chowdhury, Defendant-Respondent.

Rheingold Giuffra Ruffo & Plotkin LLP, New York (Jeremy A. Hellman of counsel), for appellant.
Cassella & Sandusky, Freeport (Marjorie E. Bornes of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about September 22, 2023, which granted defendant S.A. Chowdhury's motion for summary judgment dismissing the complaint and all cross-claims as against him, unanimously affirmed, without costs.
Chowdhury established his prima facie entitlement to summary judgment by submitting the dashcam video of the impact. The video footage, which plaintiff concedes is an accurate depiction of the accident, demonstrates that the vehicle in which she was a passenger was traveling at a slow speed in the leftmost lane, marked as left turn only, when a limousine made a sudden left turn from the right lane and struck it, violating Vehicle and Traffic Law § 1128(a), § 1160, and § 1163(a) (see Thompson v Pizzaro, 155 AD3d 423 [1st Dept 2017]).
In opposition, plaintiff failed to raise a triable issue of fact, and the court properly concluded that her assertion that the nonparty driver negligently failed to evade the impact was speculative (see Hidalgo v Vasquez, 187 AD3d 683, 684 [1st Dept 2020]). Plaintiff does not dispute how the accident occurred, and the only argument she raises in opposition is that the driver had a duty to take evasive action to avoid the impact and that his failure to do so contributed to her injuries. Although under some limited circumstances a party who has time to act may have a duty to take evasive actions to avoid an accident, this duty does not arise when the driver only has a few seconds to react to another driver's violation of traffic laws (see Calderon v Calise, 214 AD3d 446, 446-447 [1st Dept 2023]; Rooney v Madison, 134 AD3d 634, 634-635 [1st Dept 2015], lv denied 27 NY3d 911 [2016]). There is no evidence that the driver, who had the right-of-way, had the time to react to the limousine coming into his lane or that he was at fault in the happening of the accident because, as the video demonstrates and the parties agree, he had at most two seconds between the limousine entering his lane and the impact. The fact that plaintiff might have observed the limousine in the right lane at some point prior to the accident is of no consequence (see Mitchell v Smith, 142 AD3d 861, 862 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024