Medina v Medina (2025 NY Slip Op 06027)

Medina v Medina

2025 NY Slip Op 06027

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ.

Index No. 810353/23|Appeal No. 5065|Case No. 2024-05854|

[*1]Christian Medina, Plaintiff-Respondent,

v

Nelson Medina, Defendant-Appellant.

Juan P. Luciano, Attorney at Law, P.C., New York (Juan P. Luciano of counsel), for appellant.

The Mandel Law Firm, New York (Marilyn T. Sugarman of counsel), for respondent.

Order, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered on or about September 4, 2024, which denied defendant's motion to set aside and vacate the parties' separation agreement dated November 11, 2005, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings on defendant's motion.

Under the circumstances of this case, the motion court should not have declined to consider the husband's affirmations on the basis that they do not comply with CPLR 2101(b), which requires that papers filed or served be in English, and that affidavits "in a foreign language . . . be accompanied by an English translation and an affidavit by the translator stating his qualifications and that the translation is accurate." Here, the husband's affirmations were filed only in English and neither party contends that the husband does not read, speak or understand English.

The common procedure, and better practice, when an affiant does not fluently speak or read English "is to submit an affidavit in the foreign language, accompanied by an English translation . . . . authenticated with an affidavit by the translator" (Thomas F. Gleason, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C:2101:2; see also Eustaquio v 860 Cortlandt Holdings, Inc., 95 AD3d 548 [1st Dept 2012]). However, there is no evidence in the record that the husband signed the affirmation without an understanding of its contents. His affirmation states only that he did not speak English at all 20 years ago and that he currently "speak[s] broken English." Therefore, his moving papers did not provide a sufficient basis for the motion court to disregard his affirmation.

Moreover, the wife does not state, either in her affidavit in opposition to the husband's motion or her surreply affidavit, that the husband does not currently read, speak or understand English. The wife's counsel's statements to the contrary in his affirmations are immaterial because they are not based on personal knowledge. Consequently, the wife's papers also did not support the trial court's disregard of the statements in the husband's affirmation.

Accordingly, there is no basis in this record for the motion court's finding that defendant "does not read or understand English" at present (compare Rui Qin Chen Juan v 213 W. 28 LLC, 149 AD3d 539 [1st Dept 2017] [the plaintiff's affidavit unaccompanied by affidavit of translation inadmissible where plaintiff was "non-English-speaking"]; Peralta-Santos v 350 W. 49th St. Corp., 139 AD3d 536, 537 [1st Dept 2016] [the plaintiff's affidavit unaccompanied by translator's affidavit pursuant to CPLR 2101(b) inadmissible where he had testified he neither spoke, read nor wrote in English]). Because the motion court denied the husband's motion on the basis that his attorney's affirmation was insufficient to establish the facts relevant to the husband's motion, we remand to the motion court for further proceedings to address the husband's motion.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 30, 2025